## NATHANIEL RISING
### v.
## WILLIAM N. BRAINARD

1. JUDGMENTS *by confession, in vacation — proof required.* It has been held, that where a judgment is entered by confession in vacation, more than a year and a day after the power of attorney was executed, an affidavit should be filed showing that the defendant is alive, and that the debt is due and unpaid.

2. SAME — *when the objection must first be taken.* But in such cases the party aggrieved should apply to the court in which the judgment was entered for redress, where he may obtain it, on motion, if equitably entitled thereto.

3. SAME — *what is sufficient ground for relief.* Before a judgment will be set aside, however, because an affidavit was not filed showing that the defendant was alive and that the debt was due and unpaid, the party making the application is required to show some equitable reason therefor. A mere non-compliance with the rule of the court in this regard, is not a ground for equitable relief.

4. Same — *when error will lie.* Should the court below refuse to grant relief when a proper application is made to it, the party aggrieved may then bring his case to the appellate court to correct the error of the court below. But a judgment entered by confession will not be reversed on the sole ground that no affidavit was filed showing that the defendant was alive and that the debt was due.

Writ of error to the Circuit Court of Winnebago county.

The case is sufficiently stated in the opinion of the court.

Mr. A. W. Windett, for the Plaintiff in Error.

Per Curiam: This is an application for a supersedeas. The error assigned is, that a judgment was entered in vacation by confession under a power of attorney upon a note, more than a year and a day after the note fell due, without proof that the defendant was then alive, or that the debt was then due. The power of attorney was sufficient in its terms to authorize the entry of the judgment. This court has reversed judgments entered by confession, where the terms of the power of attorney did not authorize the entry of such a judgment; also, judgments entered in vacation where there was no proof of the execution of the power of attorney. Where the judgment is entered in term time, it may be presumed that the court required proper proof of the execution of the power of attorney before allowing the judgment to be entered. This court has also held that an affidavit should be filed, showing that the defendant is alive and that the debt is due and unpaid, where the judgment is entered in vacation, more than a year and a day after the power of attorney was executed. But in such cases the party aggrieved should apply to the court in which the judgment was entered for redress, where he may obtain it on motion, if equitably entitled thereto. Before a judgment will be set aside because an affidavit was not filed showing that the defendant was alive and that the debt was due and unpaid, the party making the application is required to show some equitable reason therefor. A mere non-compliance with the rule of the court in this regard is not a ground for equitable relief. Should the court below refuse to

grant relief when a proper application is made to it, the party aggrieved may then bring the case to this court to correct the error of the court below. This court will not reverse a judgment entered by confession on the sole ground that no affidavit was filed showing that the defendant was alive and that the debt was due.

*Application for Supersedeas denied.*