GEORGE W. NICHOLAS, PLAINTIFF IN ERROR, V. JOHN V. FARWELL & CO., DEFENDANTS IN ERROR.

1. **Foreign Judgment:** PLEADING. A judgment duly entered in a circuit court of the state of Illinois (*e. g.*) upon a judgment note, and cognovit, and duly transcripted to this state, constitutes a cause of action as against a general demurrer.

2. ———: STATUTE OF LIMITATIONS. A judgment was rendered against N. in the state of Illinois on May 15, 1878. At that date N. had ceased to be a resident of the state of Illinois, and was a resident of the state of Iowa. He continued to reside in the state of Iowa for the period of five years and six months, and no more, when he became a resident of this state. *Held,* That an action upon the said judgment is not barred by the statute of limitations until N. has completed five years' residence in this state.

3. **Pleading.** The title "circuit court," when used in an ordinary pleading, implies a court of general jurisdiction.

ERROR to the district court for Red Willow county. Tried below before GASLIN, J.

*S. R. Smith,* for plaintiff in error, cited: *Anderson v. Hawhe,* 3 N. E. Rep., 566. Hind's Revised Statutes of Ill., 1852, p. 191, Secs. 11 and 12. *Garrish v. Seaton,* 34 N. W. Rep., 485.

*R. M. Snavely,* for defendant in error, cited: *Martin v. Judd,* 60 Ill., 78. *Ritter v. Hoffman,* 10 Pac. Rep., 576. *Craft v. Clark,* 38 Iowa, 237. *Thomas v. Mueller,* 106 Ill., 36. *Sherman v. Bradely,* 11 Ill., 622. *Adam v. Arnold,* 86 Ill., 185.

COBB, J.

John V. Farwell et al., who sue in the name and style of John V. Farwell & Co., brought their suit in the district court of Red Willow county against George W. Nicholas, defendant. The cause of action, as set out in the petition, is a judgment in favor of the plaintiffs against the defendant, rendered in and by the circuit court of Stark county, in the state of Illinois, on the 15th day of May, 1878. It is further alleged in and by the said petition: 3. That the said defendant has resided in the states of Iowa and Nebraska all the time since the rendition of said judgment, and has not resided in any other state or terrritory of the United States during said time. 4. That said defendant resided in said state of Iowa for the space of five years and six months only after the rendition of said judgment herein sued upon, and under the statutes of said state of Iowa  *  *  *  it is provided that actions on foreign judgments rendered by courts of record are not barred until the expiration of twenty years after such judgment was rendered. 5. That the Revised Statutes of Illinois  *  *  *  provides that an action of debt may

be brought on judgment in any court of record, in said state of Illinois, within twenty years next after the date of such judgment. 6. That defendant has resided in the state of Nebraska since the rendition of said judgment, and prior to the commencement of this action, for the space of two years and six months only. 7. That said judgment has not been paid, nor any part thereof, and there is now due from the defendant to the plaintiffs thereon the sum of $420.64 and interest from the 15th day of May, 1878. 8. That a complete transcript of the records and proceedings had in said case, in said court, duly attested and certified, is attached to the original petition herein and made a part thereof. With prayer for judgment, etc.

The defendant demurred to the petition, and assigned the following grounds of demurrer: 1. That the petition does not show nor state facts sufficient to constitute a cause of action. 2. That the petition does not show nor state that the circuit court of Stark county, Illinois, had jurisdiction of the subject-matter of the said judgment, nor does it state that the said court had jurisdiction of the person of the defendant. 3. That the petition shows on its face that, at the time of rendering the said judgment by the circuit court of Illinois, the defendant was a non-resident of the state of Illinois. Defendant was a resident of another state, and that by reason of such non-residence the said court had no jurisdiction of the person of the defendant. Said petition further shows that no notice of the pendency of said action in said court was ever issued and served on the defendant, or published as required by the statutes of the state of Illinois, and that a personal judgment cannot be obtained against a non-resident, except upon notice in some of the manners provided by statute, and upon strict compliance with all the provisions of the same. 4. The warrant of attorney in this case is void and insufficient to bind the defendant, and insufficient to give the court jurisdiction over the person of the

defendant: (1) Because the said warrant was not properly executed as by the statute of Illinois provided; (2) because the said warrant was not properly proved to have been executed by the defendant sufficient to give the court jurisdiction of the defendant's person to enter judgment against him. That said warrant was not executed and proved as by the statute of Illinois provided. 5. That said petition as amended shows upon its face and its exhibits that the statute of limitations had run on said judgment, and that the said statute is now a complete bar to any recovery in this case, because: (1) Said judgment was rendered on the 15th day of May, 1878, a period of over eight years prior to the commencement of this action; (2) that no execution issued on said judgment within one year from the rendition of the same; (3) no execution issued on said judgment within seven years from the rendition of the same, and no execution has ever issued on said judgment; (4) omitted in record; (5) that said judgment was dead over one year prior to the commencement of this action; (6) no action to revive said judgment was ever instituted. Therefore the statute of limitations of the state of Illinois bars recovery in this action.

The demurrer was overruled, and the defendant refusing to answer or further plead to said petition, there was a finding and judgment for the plaintiffs.

The cause is brought to this court on error by the defendant, who assigns error as follows:

*First.* The court erred in admitting in evidence the judgment of the circuit court of Stark county, Illinois, because the said judgment and petition nowhere states that the court pronouncing said judgment had jurisdiction of the subject-matter nor of the person of the defendant therein, plaintiff herein.

*Second.* The court erred in overruling the demurrer to the petition in the case.

There having been no trial of issues of fact, there was,

of course, no bill of exceptions to the reception or rejection of evidence; no question, therefore, arises under the first assignment. Disposed of as the case was, on demurrer, the record of the proceeding and judgment of the circuit court of Stark county, Illinois, will be regarded as a part of the petition, and not as evidence.

Upon the second point, counsel for plaintiff in error cites numerous cases where judgment has been rendered in actions commenced by summons and by attachment, but where no service has been made upon the defendant, whose liability upon the judgment was then called in question, but they cite no case where judgment has been rendered by confession upon cognovit. The method of taking judgment by confession on what are familiarly known as judgment notes, has long been in common use in the state of Illinois and other states. But few questions arising under it have come before the courts, chiefly for the reason that the debtor party, by signing and delivering the instrument, by its terms cuts himself off from all defenses except that of fraud in the procuring of the contract. It is, nevertheless, necessary that the proceedings be in due form of law, and where such judgment is entered in vacation the defendant may apply to the court, when in session, to have the order of judgment vacated, and from the decision of the court on that application the parties may prosecute error to the supreme court. *Roundy, assignee, etc., v. Hunt,* 24 Ill., 598.

In the case of *Rising v. Brainard,* 36 Ill., 79, the court, in the syllabus, say: "It has been held that where a judgment is entered by confession in vacation, more than a year and a day after the power of attorney was executed, an affidavit should be filed showing that the defendant is alive, and that the debt is due and unpaid. But in such cases the party aggrieved should apply to the court in which the judgment was entered for redress, where he may obtain it, on motion, if equitably entitled

thereto. Before a judgment will be set aside, however, because an affidavit was not filed showing that the defendant was alive and that the debt was due and unpaid, the party making the application is required to show some equitable reason therefor. A mere non-compliance with the rule of the court in this regard is not a ground for equitable relief. Should the court below refuse to grant relief when a proper application is made to it, the party aggrieved may then bring his case to the appellate court to correct the error of the court below. But a judgment entered by confession will not be reversed on the sole ground that no affidavit was filed showing that the defendant was alive and that the debt was due."

It appears from an examination of the record in the case at bar, that the judgment was rendered in the circuit court of Stark county, Illinois, less than a year and a day after the date of the note and power of attorney. And that there was presented and filed with the said note and power of attorney to confess judgment thereon, due proof of the execution thereof by the said defendant.

It may not be out of place to observe, in this connection, that the power of attorney, by virtue of which Allen P. Miller appeared as the attorney of the defendant in the circuit court of Stark county, signed the cognovit, and entered the confession of judgment for and on behalf of the defendant, is in the usual form of such instruments, which has been for many years approved by the courts and the profession, throughout the state of Illinois and other states, where the form of security known as judgment notes is in use. It does not contain the name of any particular person as attorney. A rule requiring them to do so would, in a great measure, destroy their convenience and usefulness as circulating paper; and the legality of the form used has never been successfully questioned, to my knowledge. Under this form it is competent for any attorney of the court in which the judgment is sought to

be recovered, to enter the appearance of the signer of the judgment note as defendant, and in his name and stead perform every act necessary to the rendition of a binding personal judgment against him.    To this end it is not necessary that the defendant be personally present in court, nor that he be in the state.    Nor, indeed, that he should have ever been in the state.

The cases cited by counsel for plaintiff in error are, many of them, where a party having obtained judgment against another, without legal service, and, of course, without an appearance on the part of the defendant, either in person or by attorney, brought suit on such judgment in another state.    Of course, in such cases, it has been held that nothing short of personal service within the state of the *forum* would confer jurisdiction to render a personal judgment which would support an action in another state. This is doubtless the law, but it sheds no light upon the question now before us.

Under the second head, counsel also urge as a point that the judgment sued on is barred by the statute of limitations.    The statute, section 10 of the civil code, provides that an action upon a foreign judgment may be commenced within five years from the time the cause of action accrues.

Section 20 provides that, "If when a cause of action accrues against a person he be out of the state * * * the period limited for the commencement of the action shall not begin to run until he come into the state." It is alleged in the petition that the defendant has resided in this state since the rendition of said judgment in the circuit court of Stark county, Illinois, and before the commencement of this action, for the period of two years and six months only. This allegation the demurrer admits.    It follows, therefore, that if the cause of action was not barred at the time the defendant became a resident of this state, the statute had not run upon it at the time of the commencement of the action.    It also appears that the statute of limitations of

the state of Illinois had not run upon the judgment when the defendant became a resident of this state, and hence ceased to be a resident of that. If in the meantime he had been a resident of another state a sufficient length of time to enable the statute of such state to run in his favor against said judgment, that was a fact to be pleaded, and does not arise upon demurrer.

Council cite the Revised Statutes of Illinois, 1882, Sec. 1, p. 655, and Sec. 6, p. 656, to the proposition that the statute of limitations of Illinois had barred the judgment sued on before the suit was commenced. That revision of the statutes of that state not being in the library, nor accessible to me, I am unable to verify the citation, but presume that paragraph 1 of chapter 77 of An. Stats. of 1885, is the provision intended, which is: " That a judgment of a court of record shall be a lien on the real estate of the person against whom it is obtained, situated within the county for which the court is held, from the time the same is rendered or revived, for the period of seven years and no longer," etc. But Sec. 26 of Chap. 83 (the statute of limitations) of the same book, provides that, " Judgment in any court of record in this state may be revived by *scire facias*, or an action of debt may be brought thereon within twenty years next after the date of such judgment, and not after," etc. It thus appears that at the date of the filing of the amended petition, November 22, 1886 (the record does not show the actual date of the commencement of the action), the judgment of the Illinois court had ceased to be a lien upon the lands of the defendant in Stark county, but it nevertheless constituted a sufficient cause upon which an action could be maintained there. This point must therefore be overruled.

And finally, it is urged that, " A judgment obtained against a person in another state is of no effect against such person now a resident of this state, if the record fail to show that the court rendering such judgment is a court

of general jurisdiction, or had jurisdiction of the person of the defendant and subject matter of said judgment," and the case of *Tessier v. Englehart & Co.*, 18 Neb., 167, is cited to that proposition.

To this point it is only necessary to refer to the first paragraph of the petition, wherein it is alleged that at the time, etc., "the circuit court of Stark county and state of Illinois was a court of general jurisdiction," etc., and to the judgment record, which is a part of the petition, wherein the appearance of the defendant by attorney in the said court, and his submission to the judgment thereof, is duly alleged, and that each of these allegations are admitted by the demurrer. It may not be out of place, however, to say that the title "Circuit Court" implies a court of general jurisdiction, and that it is such will be presumed.

The judgment of the district court will be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.