JAMES PACKER, PLAINTIFF IN ERROR, V. JOHN THOMPSON, DEFENDANT IN ERROR.

1. **Foreign Judgment:** REVIVOR: STATUTE OF LIMITATIONS. A judgment was recovered against one A, in the state of Iowa, in the year 1866. Afterwards he removed to this state, and prior to the year 1886 had resided herein eight years. In the latter year, however, he returned to Iowa, where personal service was had upon him to revive the judgment. The judgment was thereupon revived, and an action brought thereon in this state. *Held,* That as the judgment of revivor had been obtained within five years before bringing the action in this state, it was not barred by our statute of limitations, which requires an action on a foreign judgment to be brought within five years.

2. ———: JURISDICTION. Where the courts of another state have jurisdiction of the subject-matter and the parties, the merits of the controversy must be tried in such tribunals, and no defense is available in an action on such judgments in this state which could have been interposed in such courts.

ERROR to the district court for Gage county. Tried below before APPELGET, J.

*E. O. Kretsinger* and *J. N. Rickards,* for plaintiff in error, cited: *Nesbitt v. Campbell,* 5 Neb., 429. *Holmes v. State,* 17 Neb., 74. *Gillette v. Morrison,* 7 Neb., 266. *Edgerton v. Wachter,* 9 Neb., 501. *Harrison v. Union National Bank,* 12 Neb., 501. *Eaton v. Hasty,* 6 Neb., 419. *McElmoyle v. Cohen,* 13 Peters, U. S., 312. *McArthur v. Goddin,* 12 Bush (Ky.), 274.

*Hazlett & Bates,* for defendant in error.

MAXWELL, J.

This action was brought in the district court of Gage county, on a judgment recovered against the plaintiff in error in the state of Iowa. To this petition the plaintiff

in error filed an answer, as follows: "That on the 21st day of May, 1866, the defendant herein, contriving to cheat and defraud defendant, falsely and fraudulently procured to be entered a judgment against this defendant in the district court of Clayton county, Iowa; that said pretended judgment was rendered upon a promissory note alleged to have been given by one James Packer and this defendant; that said note was a forgery, and was not signed by this defendant or by any other person authorized so to do, but by some person unknown to defendant, and with intent to cheat and defraud defendant; that thereafter the plaintiff, further contriving to cheat, wrong, and defraud this defendant, fraudulently and falsely procured judgment to be entered thereon, which said judgment is and was without jurisdiction, and wholly null and void, and was without any service of notice of summons or otherwise on this defendant, in person or otherwise, and was rendered without the knowledge or consent of defendant, and without any appearance on the part of this defendant in person, by attorney, or in any other way or manner whatsoever, and which said judgment so fraudulently rendered and procured is the judgment hereinbefore referred to; that the pretended judgment mentioned and described in the plaintiff's petition is but a continuation and revivor of said former fraudulent and void judgment, and was entered without any further or different consideration than the judgment herein first mentioned and described. The defendant further says that he has been a resident of Nebraska for more than eight years last past, and during said time resided in said state continuously, which fact was well known to the plaintiff herein, and that during all of said time the plaintiff made no effort to enforce said judgment, nor apprised the defendant of the existence of the same; that on or about the 9th day of October, 1886, at a time when this defendant was temporarily in the state of Iowa, the plaintiff, further contriving to cheat and defraud this defendant,

44

caused a notice to be served upon defendant, and thereafter, in pursuance of said notice, caused and procured said first mentioned judgment to be revived and entered as a new judgment, which said judgment so revived is the judgment on which this action is founded and referred to in plaintiff's petition, and was so revived for the purpose and with the intent to cheat and defraud this defendant, and to evade the statute of limitations of the state of Nebraska.

"The defendant, further answering, says, that the judgment mentioned and described in the petition of plaintiff is but a revivor and continuation of a judgment heretofore rendered on, to-wit, the 21st day of May, 1866, in the district court of Clayton county, Iowa, which said judgment was fraudulent and void, and was entered upon a forged instrument and without service of summons or notice of any kind on this defendant, in person or otherwise, and was rendered without any appearance on the part of this defendant, either in person, by attorney, or in any manner whatsoever, and was so rendered with intent to cheat and defraud the defendant; that this defendant has been a continuous resident of the state of Nebraska for more than eight years last past, during all of which time his residence was well known to the plaintiff. The plaintiff, contriving to cheat and defraud the defendant, procured said judgment to be revived and entered of record as a new judgment, when in truth and in fact said pretended judgment is but a continuation of said former false and fraudulent judgment, and so rendered with intent to cheat and defraud this defendant, and no execution has ever been issued on any of the above judgments so obtained in the state of Iowa; and defendant says that the said cause of action did not accrue within five years next before the commencement of this action, and that the same is wholly barred by the laws of Nebraska, wherefore the defendant prays judgment against the plaintiff for his costs herein."

A demurrer to the answer was interposed and sustained, and the plaintiff in error not pleading further, judgment was entered in favor of the defendant in error for the sum of $325.30 and costs.

Does the answer state a defense? We think not. It is admitted that the Iowa court, in the year 1886, obtained jurisdiction of the plaintiff in error by personal service. The fact that the judgment revived was recovered in 1866 can make no difference. If the plaintiff in error had remained in this state no action could have been brought here on the 1866 judgment, as it is expressly within our statute of limitations, and would be barred in five years. Code, sec. 10. Where, however, the plaintiff in error voluntarily went into the state of Iowa, and service was had upon him there, he must contest his rights in the tribunals of that state, and if a judgment of revivor is obtained against him there, and an action brought on such judgment in this state within five years from the time of its rendition, our statute of limitations will not constitute a defense. Neither can we retry the merits of the case in this state. If the facts as to the fraudulent character of the note and judgment are as the plaintiff in error alleges them to be, he should have brought such facts to the attention of the Iowa court, which no doubt would have protected his rights. So of the statute of limitations. The judgment being valid where rendered, is valid here, and the demurrer was properly sustained. The judgment of the district court is right, and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.