SNYDER & DULL V. DAVID CRITCHFIELD.

FILED FEBRUARY 19, 1895. No. 5998.

1. **Judgments of Courts of Other States:** ACTION: DEFENSE. A judgment of a court of a sister state, authenticated as prescribed by act of congress, is conclusive here upon the subject-matter of the suit. An action thereon can only be defeated on the ground that the court had no jurisdiction of the case, that there was fraud in procuring the judgment, or by defenses based on matters arising after the judgment was rendered.

2. ———: WARRANT OF ATTORNEY. A judgment entered in pursuance of a warrant of attorney, in a state in which such judgments are authorized, has the same force, when sued on here, as a judgment on adversary proceedings.

3. **Action on Foreign Judgment:** DEFENSE. In an action on such judgment, payment of the debt before judgment, that the foreign action was barred by the statute of limitations, or any other defense which applied to the original cause of action, cannot be availed of. The judgment itself is conclusive against such defenses.

4. ———: EVIDENCE: WARRANT OF ATTORNEY: APPEARANCE. Whether a warrant of attorney is sufficient under the laws of another state to authorize the appearance entered thereunder, is a question to be determined from the evidence as to the laws of that state.

5. **Warrant of Attorney:** EVIDENCE. Evidence in this case examined, and *held* to establish that the assignee of a note containing a warrant of attorney may in Pennsylvania avail himself of such warrant.

ERROR from the district court of Richardson county. Tried below before BUSH, J.

*J. D. Gilman* and *C. Gillespie*, for plaintiffs in error, cited: 2 Black, Judgments, sec. 857; *McElmoyle v. Cohen*, 13 Pet. [U. S.], 312; *Chew v. Brumagen*, 13 Wall. [U. S.], 497; *Keeler v. Elston*, 22 Neb., 310; 4 Wait, Actions & Defenses, p. 192, and authorities cited; *Nicholas v. Farwell*, 24 Neb., 180; *Eaton v. Hasty*, 6 Neb., 427; *Spies v. Whitney*, 30 O. St., 69; *Braddee v. Brownfield*, 4 Watts [Pa.], 474; *Packer v. Thompson*, 25 Neb., 688; *Pringle v. Woolworth*, 90 N. Y., 502; *Specklemeyer v. Dailey*, 23. Neb., 101.

*Edwin Falloon, contra:*

The power of attorney contained in the note to confess judgment destroyed its negotiability. (*Sweeney v. Thickstun*, 77 Pa. St., 131; *First Nat. Bank of Carthage v. Marlow*, 71 Mo., 618; *Overton v. Tyler*, 3 Pa. St., 346; *Samstag v. Conley*, 64 Mo., 476.)

To assign a judgment note renders invalid the power of attorney contained in it. (*Osborn v. Hawley*, 19 O., 130.)

The note was twice assigned before plaintiffs became the owner and the assignees had no authority to confess judgment in favor of plaintiffs. (*Spence v. Emerine*, 15 Am. St. Rep. [O.], 634.)

The judgment was invalid because the rule of court requiring leave to enter it was not complied with. (*Cook v. Staats*, 18 Barb. [N. Y.], 407; *Ball v. State*, 2 S. W. Rep. [Ark.], 462; *Ingram v. Robbins*, 33 N. Y., 409.)

The power of attorney to confess judgment contained in the note is void for uncertainty. (*Carlin v. Taylor*, 7 Lea. [Tenn.], 666.)

No greater effect should be given to the judgment than it would· have in the state where rendered. (*Wood v. Watkinson*, 17 Conn., 500; *Brown v. Parker*, 28 Wis., 21.)

The action is barred by the statute of limitations. (*Hower v. Aultman*, 27 Neb., 251; *Minneapolis Harvester Works v. Smith*, 36 Neb., 616.)

IRVINE, C.

This was an action by the plaintiffs in error against the defendant in error on a judgment alleged to have been recovered in Pennsylvania. The case was tried to the court, which found for the defendant. The only assignment of error calling for notice is the sufficiency of the evidence. The plaintiffs offered in evidence a transcript from the court of common pleas of Somerset county, Pennsylvania, which discloses the entry of judgment by confession against Critchfield and in favor of Austin Critchfield to the use of Perry Critchfield, to the use of Harrison Snyder and Rufus H. Dull, partners trading as Snyder & Dull. The confession of judgment was entered by attorneys under a warrant of attorney contained in a promissory note as follows:

"$100.00.                          APRIL 17th, 1873.

"Five months after date I promise to pay to the order of Austin Critchfield, one hundred dollars, without defalcation, value received, and further we do empower any attorney of any court of record within the United States or elsewhere, to appear for me and after one or more declarations filed confess judgment against me as of any term for the above sum with costs of suit, and attorney's commission of ———— per cent for collection and release of all errors and without stay of execution, and inquisition and extension upon any levy on real estate is hereby waived, and condemnation agreed to and the exemption of personal property from levy and sale on any execution hereon, is also hereby expressly waived and no benefit of exemptions

be claimed under and by virtue of any exemption law now in force or which may be hereafter passed.

"Witness my hand and seal.

"DAVID CRITCHFIELD.    [SEAL.]"

There is no doubt of the principle that the judgment of a court of a sister state, authenticated as prescribed by the act of congress, is conclusive here upon the subject-matter of the suit.    An action thereon can only be defeated on the ground that the court rendering the judgment had no jurisdiction of the case; that there was fraud in procuring the judgment; or by a defense based on matters arising after the judgment was entered, such as payment of the judgment or the statute of limitations. (*Eaton v. Hasty*, 6 Neb., 419; *Keeler v. Elston*, 22 Neb., 310; *Packer v. Thompson*, 25 Neb., 688.)    A judgment entered on warrant of attorney in a state recognizing such a proceeding is as much an act of the court as if formally pronounced on *nil dicit* or a *cognovit*, and until it is reversed or set aside it has all the qualities and effects of a judgment on verdict. (*Braddee v. Brownfield*, 4 Watts [Pa.], 474.)    A judgment entered in such a manner in a state recognizing such instruments, when sued upon here, must be treated as any other judgment. (*Nicholas v. Farwell*, 24 Neb., 180; *Sipes v. Whitney*, 30 O. St., 69.)

The defendant contends that this was not a valid judgment for a number of reasons.    The first is that the note on which it was entered is not negotiable, and the warrant of attorney contained therein not assignable, from which it is argued that, the record disclosing that the note had been assigned and that the judgment was for the benefit of another than the payee, the warrant conferred no authority for the entering of defendant's appearance and the confession of judgment.    This argument has the support of the supreme court of Ohio. (*Osborn v. Hawley*, 19 O., 130; *Spence v. Emerine*, 46 O. St., 433.)

It must be remembered that judgments on notes of this

character are not known to the jurisprudence of our state, and that the note having been made in Pennsylvania and the judgment there rendered, the effect and validity of the contract must be determined by the law of Pennsylvania. What that law is was a fact to be established by evidence in this case. The evidence upon the subject consists of a statute, two decisions of the supreme court of Pennsylvania, and the depositions of two Pennsylvania lawyers. The statute is as follows: "It shall be the duty of the prothonotary of any court of record, within this commonwealth, on the application of any person being the original holder (or assignee of such holder) of a note, bond, or other instrument of writing in which judgment is confessed, or containing a warrant for any attorney at law, or other person to confess judgment, to enter judgment, against the person or persons who executed the same, for the amount which, from the face of the instrument, may appear to be due, without the agency of an attorney, or declaration filed with such stay of execution as may be therein mentioned, for the fee of $1, to be paid by the defendant; particularly entering on his docket the date and tenor of the instrument of writing on which the judgment may be founded, which shall have the same force and effect, as if a declaration had been filed, and judgment confessed by an attorney, or judgment obtained in open court, and in term time; and the defendant shall not be compelled to pay any costs or fee to the plaintiff's attorney, when judgment is entered on any instrument of writing as aforesaid." (1 Purdon, Digest [11th ed.], p. 958, sec. 41.) The two decisions are *Overton v. Tyler*, 3 Pa. St., 346, and *Sweeney v. Thickstun*, 77 Pa. St., 131. What these cases decide is that the warrant of attorney in a promissory note renders it non-negotiable. This fact is not, however, important. Whether or not the note was negotiable under the law merchant it was assignable in equity, if not in law, and the right of the plaintiff to recover upon it in Pennsylvania would be a

question for the court which rendered the judgment to decide, and would not affect its jurisdiction. In order to reach the question of jurisdiction it would be necessary that the warrant of attorney should lose its force by the assignment of the note as the Ohio court holds that it does. In *Overton v. Tyler, supra,* the question was whether a note containing a warrant of attorney entitled the maker to days of grace. The court held that it did not because the note was not negotiable by the law merchant, and in the opinion Chief Justice Gibson, *arguendo,* but manifestly *obiter,* says: "A warrant to confess judgment, not being a mercantile instrument, or a legitimate part of one, but a thing collateral, would not pass by indorsement or delivery to a subsequent holder; and a curious question would be, whether it would survive as an accessory separated from its principal, in the hands of the payee for the benefit of his transferee. I am unable to see how it could authorize him to enter up judgment, for the use of another, on a note with which he had parted." The question was not before the court in that case, and the dictum of the learned chief justice cannot, therefore, be accepted as evidence of the law of the state on this point. The statute which we have quoted was adopted long before this decision. No reference is made to it in the report, but an inspection shows that the prothonotary is required to enter judgment on the application, either of the original holder or the assignee of any such holder. This statute would seem to be conclusive. Moreover, the two expert witnesses referred to both testify that the judgment is in due form of law, of a character often sustained by the courts of Pennsylvania, and that it is a valid judgment under the laws of Pennsylvania. We think, therefore, that the evidence requires the court to hold that the warrant of attorney authorized the entry of judgment on behalf of the assignee of the note.

It is next urged that the warrant of attorney is void for uncertainty. The evidence already referred to would seem

to show that it was sufficient to meet the requirements of
the law of Pennsylvania; and in *Nicholas v. Farwell, su-
pra,* it was said by COBB, J., that a warrant similar in
form to this was in the usual form of such instruments and
authorized any attorney to enter the appearance of the
signer of the note and confess judgment for him; that to
this end it was not necessary that the defendant should be
in court, nor, indeed, that he should have ever been in the
state. The evidence shows that in Somerset county there
is a rule of court that in certain cases, of which this ap-
pears to be one, leave of court must be obtained by mo-
tion for the entry of judgment, and such motion must be
supported by affidavit that the warrant was duly executed,
that the money is unpaid, and the party living. It is
claimed that compliance with this rule was not shown, the
affidavit having no venue. This does not, however, go to
the jurisdiction of the court to render the judgment. If
judgment were entered without such affidavit it would at
most be an irregularity in the proceedings and would not
oust the court of jurisdiction or subject the judgment to
collateral attack. (*Nicholas v. Farwell, supra; Rising v.
Brainard,* 36 Ill., 79.)

It is next claimed that the action is barred by the statute
of limitations. The note was made in 1873, the judgment
was rendered in Pennsylvania in 1891, and this action be-
gun the same year. The claim is, therefore, not that the
statute of limitations had run against the judgment, but
that it had run against the original cause of action before
suit was brought in Pennsylvania. The evidence is that
the note being under seal, action on it was not limited by
statute in Pennsylvania, but that the lapse of twenty years
would raise the presumption of payment; therefore the ac-
tion was not barred in Pennsylvania. But it is claimed
that an action upon the note in this state would have been
barred by our law, and that, therefore, the Pennsylvania
judgment should not be enforced. We cannot assent to

this reasoning.   If the defendant was entitled to the benefit of any limitation that was a matter which must be availed of in the court where the judgment was rendered. It is an issue affecting the original cause of action, upon which the judgment concludes us. (*Packer v. Thompson,* 25 Neb., 688.)

Finally, the defendant claims that he had made a part payment on the note and had given to the original payee, in satisfaction of the remainder, a horse.   The time of this transaction is not definitely fixed, but it was at least prior to 1879.   This, then, was a defense to the original cause of action, and the judgment is conclusive on this also against the defendant.   We think the evidence showed that the judgment was duly rendered by a court having jurisdiction to do so, and that no defense was shown.

REVERSED AND REMANDED.