## Elizabeth Nees et al., Appellants, v. James S. Dumbauld, Appellee.

JUDGMENT BY CONFESSION—*when should be opened up.* On motions to set aside judgments by confession, the court exercises an equitable jurisdiction, and if an equitable reason appears for the opening up of the judgment, the motion should be allowed.

Judgment by confession. Appeal from the Circuit Court of Adams county; the Hon. ALBERT AKERS, Judge, presiding. Heard in this court at the November term, 1907. Reversed and remanded with directions. Opinion filed April 21, 1908.

**Statement by the Court.** On January 3, 1905, in the Circuit Court of Adams county, appellee took judgment by confession against appellants in the sum of $849.63, including $75 attorney fees allowed by vir-

tue of the terms of the warrant of attorney accompany-ing the note of appellants given by them to William R. White on October 14, 1903, and due in nine months from its date.

Afterwards a motion was made by appellants to vacate and set aside the said judgment, for a stay of proceedings pending a trial of the issues and for leave to plead to the merits. On April 15, 1905, and of the March term, 1905, of said court, such motion to set aside and for leave to plead was denied and an order was made by the court directing the sheriff to proceed in said cause and levy execution. Exceptions were duly taken to the action of the court in this respect and this appeal followed.

A hearing of said motion was had upon affidavits.

Appellants presented the affidavit of Elizabeth Nees charging appellee with fraud and collusion in company with one William R. White, in procuring from her the note sued on, and the affidavits of J. W. Dodd, Fred R. Coates, Clara Nees and Rose Fernandes in corroboration of the affidavit of Elizabeth Nees.

Appellee offered upon the hearing of said motion the affidavit of appellee, Dumbauld, and William R. White, which disputed the affidavits of Nees, Dodd, Coates, Clara Nees, and Fernandes in most, if not all, of the material allegations therein made.

ALBERT SALZENSTEIN and DAVIS McKEOWN, for appellants; JOSEPH N. CARTER, of counsel.

CARL E. EPLER, for appellee; VANDEVENTER & WOODS, of counsel.

PER CURIAM. Upon a rehearing allowed in this case we are of the opinion that, upon the showing made in the affidavits, the order of the Circuit Court refusing to allow appellants to plead should be reversed and the appellants allowed to plead to the merits. Under the decisions in our state the doctrine has become

firmly established that on motions to set aside judgments by confession the court exercises an equitable jurisdiction. In Rising v. Brainard, 36 Ill. 79, the court say: "The question properly before the court was not whether the judgment should be vacated for error of law, but whether in the exercise of its equitable jurisdiction, there was any equitable reason for opening the judgment."

This statement of law was affirmed in Knox et al. v. Winsted Savings Bank, 57 Ill. 331, and in Mumford v. Tolman, 157 Ill. 258.

The order of the trial court is reversed and the cause remanded with directions to allow the judgment already entered to stand as security for appellee's claim, if any is recovered; that action under the execution be stayed until the cause has been tried, and that appellants be allowed to plead to the merits.

*Reversed and remanded with directions.*