W. E. Whittier, appellee, v. L. J. Riley et al.,
APPELLANTS.

Filed June 29, 1920. No. 21057.

1. **Judgment: Comity.** "A judgment entered in pursuance of a warrant of attorney, in a state in which such judgments are authorized, has the same force, when sued on here, as a judgment on adversary proceedings." *Snyder & Dull v. Critchfield*, 44 Neb. 66.

2. ———: ———. A judgment was rendered upon warrant of attorney, without service of process, in a sister state, in which that procedure is not expressly authorized by statute, but in which the courts have uniformly held it to be justified by the common law. In an action upon such judgment, the courts of this state are bound by the interpretation placed upon the common law by the courts of the state in which the judgment was rendered, with regard to the validity of such procedure to sustain the judgment.

3. ———: Power of Attorney. A power of attorney to confess judgment signed by two parties, which reads, "I authorize any attorney at law * * * to appear for me," will, notwithstanding the words "we" and "us" were not used, be construed to be the act of either or both of the signatory parties.

4. ———: ———. Where a warrant of attorney contained in a promissory note authorized any attorney at law to confess judgment "in favor of the payee above named, or assigns," the word "assign" will be construed to mean any person into whose hands the instrument may come by assignment or indorsement, including one who becomes a holder of the note by indorsement in blank.

Appeal from the district court for Dawson county: Hanson M. Grimes, Judge. *Affirmed.*

*Cook & Cook,* for appellants.

*H. M. Sinclair* and *W. A. Stewart, contra.*

Dorsey, C.

December 31, 1910, at Haxtum, Colorado, the defendants, L. J. Riley and Anna Riley, gave their promissory note for $111.60, due in eight months and payable at the bank of Haxtum, to Glass & Bryant Mercantile Company. In the body of the note appeared the following: "If not paid when due, then I authorize any attorney

at law, at any time after this obligation becomes due, to appear for me before any court in Colorado, or elsewhere, either in term or vacation, and waive the issuing and service of process and confess judgment against me and in favor of the payee above named, or assigns, for the said sum, interest, and costs, and attorney's fee of 10 per cent., and to thereupon for me release. all error, and waive all right and benefit of a second trial, writ of error, or appeal in my behalf, and as well also the exhibition of a bill in equity to interfere in any manner with such judgment."

W. E. Whittier, the plaintiff, became the holder of the note by indorsement, and in February, 1917, filed a complaint in the county court of Logan county, Colorado, alleging the transfer of the note to him, and praying for judgment thereon. Acting by virtue of the warrant of attorney in the note, one A. E. Seidel assumed to appear for the defendants, Rileys, and filed a cognovit on their behalf, in which it is recited that, through the said attorney they waived the issuance and service of process and confessed judgment in favor of the plaintiff for $292.16 together with the costs. The county court of Logan county, Colorado, thereupon entered judgment in conformity with the confession.

This action was commenced in the county court of Dawson county, Nebraska, to recover upon the Colorado judgment, and was tried, upon appeal, in the district court for that county to the judge, a jury being waived. The findings and judgment were in favor of the plaintiff, holding the Colorado judgment valid and enforceable in this state. The defendants appeal.

The appellants contend, in the first place, that the Colorado court was not vested with jurisdiction to enter judgment upon warrant of attorney without process issued and served upon them. "A judgment entered in pursuance of a warrant of attorney, in a state in which such judgments are authorized, has the same force, when sued on here, as a judgment on adversary proceed-

ings." *Snyder & Dull v. Critchfield,* 44 Neb. 66. It was established by the testimony of a competent witness, learned in the law and practice of Colorado, that, while there is no statute expressly authorizing the court to recognize a warrant of attorney and to enter judgment upon an appearance of an attorney purporting to act thereunder, it has been the invariable practice of their courts to enforce that procedure, and that the supreme court of Colorado has determined that the procedure in question is justified under the common law. *Cross v. Moffat,* 11 Colo. 210; *Vennum v. Holmberg,* 51 Colo. 306.

Counsel cite *Pierce v. Hamilton,* 55 Colo. 448, as indicating that the Colorado supreme court was in some doubt whether the rule followed in the earlier cases should be upheld, but in no case has that court expressly overruled those decisions. It is furthermore pointed out by counsel that, in some cases, of which *Farquhar & Co. v. Dehaven,* 70 W. Va. 738, Ann. Cas. 1914A, 640, is an example, it has been held that, in the absence of statute, the procedure by warrant of attorney cannot be sustained under the common law. It therefore becomes necessary for this court to decide whether the view taken by the Colorado court, in holding that the procedure is justified by the common law, is controlling upon this court as to a judgment rendered upon warrant of attorney in that state, or whether, on the contrary, this court, in view of its duty to give full faith and credit to the judical proceedings of another state, could pursue an independent inquiry into the question.

"Whether a warrant of attorney is sufficient under the laws of another state to authorize the appearance entered thereunder, is a question to be determined from the evidence as to the laws of that state." *Snyder & Dull v. Critchfield, supra.* We are of the opinion that the principle just quoted precludes this court from questioning the interpretation placed by the Colorado court upon the common law as administered in that

state, and that its determination that a judgment entered upon warrant of attorney, without the issuance or service of process, is valid in that state under the common law, is conclusive upon the courts of Nebraska in a suit upon the judgment here.

The next point raised by counsel for the appellants is that the singular personal pronoun is used in the warrant of attorney, "I authorize any attorney at law * * * to appear for me," etc., and that, since the signatures of both appellants "L. J. Riley, Anna Riley" are appended to the instrument, it is too indefinite to be binding upon either of them. We believe, however, that, although the words "we" and "us" were not used, the warrant of attorney must be construed to be the act of either or both of the signatory parties. *Barron v. Kimball,* 124 Ill. App. 268.

Finally, it is contended by the appellants that the Colorado court had no jurisdiction to enter judgment in favor of the appellee, because the warrant of attorney authorizes the attorney acting under it to confess judgment "in favor of the payee above named, or assigns," and the appellee was not an "assign." The note containing the warrant of attorney was indorsed by the payee in blank, and the appellants point to the statute of Colorado providing that an instrument indorsed in blank is payable to bearer, and may be negotiated by mere delivery. They argue that the appellee in this case was a holder or indorsee of the note, and that, in the language of *Palmer v. Call,* 7 Fed. 737, "In strict legal parlance we do not use the term 'assignee' when we mean to designate the indorsees of bills and notes."

In support of their position, counsel cite *McClure v. Bowles,* 5 Ohio Dec. 288, in which it was held that where the power was "to confess judgment against us in favor of the payee above named or assigns," the holder who acquired the note by indorsement in blank "was not an 'assign' of the payee and the judg-

ment in his favor was not authorized." In the opinion in that case the rule was enunciated that authority to confess judgment against the maker of a note by warrant of attorney must be clear and explicit. The reasoning is as follows: "Does the term "assigns" include John D. Bowles, the stranger to the note, one whose name nowhere appears thereon? Nobody can say from the writing itself, but that half a score of persons have held and owned this note, between the payee, W. R. Cochran, Jr., and John D. Bowles; if this turn out to be the case, shall it be said that each and all are 'assigns' of the original payee? The question depends upon whether or no a note indorsed in blank passes from hand to hand by assignment, or by delivery. * * * The note, being indorsed in blank, passed by mere delivery, and there is no assignment in the case."

We are of the opinion, nevertheless, that where the word "assign" is used with reference to a promissory note it should be given the broad meaning which includes any of the modes whereby it may be assigned or transferred. Indorsement is a method of assignment pertaining peculiarly to notes and bills. If indorsed in blank, such an instrument, it is true, passes from hand to hand by mere delivery; but the person who becomes its holder by that means is just as effectually vested with title as if a formal assignment had been executed. The intention of the parties should be looked to in determining the meaning of the word "assigns" in the warrant of attorney, and, if it is to have any force at all, it must be taken to mean those into whose hands the note may come by transfer of ownership from the payee. *Mundy v. Whittemore*, 15 Neb. 647. The term might include, not only transfer by indorsement, but transfer by a separate instrument of assignment, or even an assignment in equity. The language of the warrant of attorney could have no other intention than to vest subsequent holders of the note, to whom it had been transferred by the payee, with the same right to have judg-

ment confessed in their favor as that possessed by the payee himself. It has even been held that, where a negotiable note contained a, power of attorney authorizing confession of judgment in favor of the payee, but did not specifically authorize it in favor of assignees or subsequent holders, the power was nevertheless effective to authorize confession of judgment in favor of an indorsee. *Jarrett v. Sippely*, 175 Mo. App. 197; *Colona v. Parksley Nat. Bank*, 120 Va. 812.

We accordingly recommend that the judgment of the court below be affirmed.

Per Curiam. For the reasons stated in the foregoing opinion, the judgment of the district court is affirmed, and this opinion is adopted by and made the opinion of the court.

Affirmed.