## SUPREME COURT.

### HUNT agt. FARMERS' LOAN AND TRUST CO. AND ROGERS.

In an action where the claim is purely of a *legal* character, any defence, whether legal or *equitable,* may now be interposed to it.

It is no longer necessary to bring an action in the nature of a suit in equity to *restrain proceedings* in an action in the nature of a suit at law. Or, an *injunction* can not issue in one action to stay proceedings in another—both being in this court. (*This agrees with Dederick agt. Hoysradt,* 4 *How. Pr. R.* 350.)

*Monroe Special Term,* October, 1850. Motion to dissolve injunction order.

E. GRIFFIN, *for Defendants.*
GEO. HASTINGS, *for Plaintiff*

WELLES, Justice.—Previous to the commencement of this action, the defendants commenced an action against the plaintiff to recover a balance claimed to be due from him, on a contract between the latter and the defendant, Rogers, bearing date 1st October, 1842, by which Rogers agreed to sell and convey to the plaintiff, a tract of land adjacent to the village of Mount Morris, in the county of Livingston, consisting of about 82 acres, for the consideration of $100 per acre, at the times and in the manner therein mentioned.

To the complaint in that action the present plaintiff put in his answer, in which, among other things, he set up a violation by Rogers, of certain agreements on his part, in the contract of sale, relative to the opening and continuing a certain street, and in relation to conveying certain portions of the land contracted to be sold after $2000 of the purchase money should be paid, alleging that he had sustained great damage by reason of such violations, which he claimed to have allowed to him by way of recoupment.

To that answer the present defendants duly replied, and noticed the action for trial in the city of New York, that being the place of trial in that action.

The present plaintiff then commenced this action, setting up substantially the same matters, though with more particularity, as those upon which he founded his claim to recoup damages, in his answer to the first action—demanding judgment that the plaintiffs in that action be restrained from further prosecuting the same; that Rogers be compelled to procure the said street to be opened, &c., and that the damages consequent upon the violations of the agreement by Rogers, in not opening the street, and in not conveying certain portions of the land, &c., be ascertained and deducted from the purchase money remaining unpaid. A preliminary injunction was granted enjoining the plaintiffs against the prosecution of the first action.

To this complaint the present defendants put in their answer, amongst other things setting forth the proceedings and pleadings in the first action. A motion is now made to vacate the injunction.

There is but one object sought for in the present action, that could not be obtained as well in the first action as in this; and that is to compel Rogers to open the street in question. In that respect the present plaintiff claims that this action is for a specific performance of the agreement for the sale of the land. This probably is so; and if the agreement to open the street were a condition precedent to the obligation of the plaintiff to pay the purchase money, the neglect to perform it might be a legal bar to the collection of the money, and would be a com-

plete defence to the first action. But this is not the attitude of the parties. The plaintiff has taken possession and made considerable payments. Both parties are going on under the contract, and both claim its enforcement. The defendants in this suit state in their answer, that they are unable to run out the street as agreed, for the reason that it cannot be done without passing through and over the land of another person, not bound by the contract, and whose consent they cannot obtain, although they have offered him more for the land than it is worth, and therefore, that it is legally impossible for them to perform this provision of the contract. The consequence is that they are liable to make compensation in damages for this breach, and the claim for such damages, as well as for the other violation complained of, is distinctly made in the answer of the present plaintiff, to the complaint in the first action.

I am not able to perceive why as full and complete justice cannot be done in the first action, as in this. It is clearly competent for the present plaintiff to recoup his damages in the first action. It would have been so before the amalgamation of the courts of law and equity, and it is especially so under the present organization. The court and parties, and subjects of controversy are the same in both these actions. Whether this may or may not be sustained in any or all of its aspects is not the question; but it is whether the plaintiffs in the first shall be restrained from proceeding therein, when all the allowances and deductions from the purchase money, remaining unpaid, which the present plaintiff claims, even though they should amount to the whole balance apparently due, can as well be adjusted in that action as this.

In my opinion they are not to be so restrained. Their claim is purely of a legal character, and any defence, whether legal or equitable, may now be interposed to it in the same action. It is no longer necessary, in my judgment, to bring an action in the nature of a suit in equity, to restrain proceedings in an action in the nature of a suit at law. Whatever equities may exist between the parties which should prevent a recovery by the plaintiff, of his legal claim, may now be set up as a defence

to the action, and the defendant is no longer put to his bill in equity, for relief. This, I believe, is one of the advantages of the new system, as claimed by its friends; and if it be an improvement, I am disposed to give the system credit for it, as it certainly stands in need of every thing that can be said in its favor.

I think the injunction should be vacated with $10 costs.

Since making the above decision, my attention has been directed to the case of Dederick agt. Hoysradt and others, (4 *How. Pr. R.* 350,) which virtually decides this motion.