## MILNE v. VAN BUSKIRK.

1. FOREIGN JUDGMENT. In an action on a foreign judgment, an error of law, or of fact, in the proceedings wherein the judgment was rendered, which could have been corrected by proper proceedings in the courts of the state in which it was recovered, can not be pleaded as a defense.

2. INJUNCTION. Where the defendant in a bill to enjoin the collection of a certain judgment rendered in the same court, and to vacate the same, appeared in the proceedings thereon, and an order was made directing an injunction as prayed in the petition upon the filing of a bond; *Held*, that upon the filing of the bond the parties were bound by the order of the Court, though no writ of injunction was formally issued and served.

3. SAME. When an order that an injunction issue against a party is pronounced by the court in his hearing, he is bound thereby to the same extent that he would be if the writ were actually served.

*Appeal from Polk District Court.*

WEDNESDAY, NOVEMBER 2.

Plaintiff sues upon a judgment rendered in 1854 by the Court of Common Pleas of Hamilton County, Ohio. Defendant answered: *First*, that said judgment was void, because rendered while he was a minor, upon a contract not made for necessaries ; that he did not appear and defend said suit by guardian, but by attorney whom he had no power to appoint; that said court therefore acquired no jurisdiction over his person or property, and that upon arriving at his majority he disavowed the said judgment, the contract upon

which it was founded, and the appointment of said attorney. *Second,* that said judgment has been enjoined by the said Court of Common Pleas, upon security duly approved and an order regularly made, and has therefore become inoperative and void.   A demurrer to the first clause of the answer was sustained.   Issue was taken on the second, trial, and judgment for plaintiff, and defendant appeals.

*S. V. White* for the appellant, cited Bing. Infancy 11 note ; 1 Am. Lead. C. (2d addition) 248, (notes to *Tucker et al.* v. *Morland,* and *Vorse* v. *Smith*) *Roof* v. *Stafford,* 2 Cowen ; 199, in support of the proposition that the contract upon which the judgment in controversy was rendered was voidable by the defendant upon his attaining his majority. He further contended that the foreign jugdment could be impeached by showing that the defendant was an infant when it was rendered, and that he was represented in the foreign court by an attorney, who could not be authorized to appear, citing *Taylor* v. *Byder* 8 John. 174.

*Casady & Crocker* for the appellee.

[No brief on file.]

WRIGHT, C. J.—The demurrer was properly sustained. Defendants remedy was by writ of error *coram nobis* or other similar process in the court where the judgment was rendered.   If there was an error in fact in permitting defendant to appear by attorney, when a minor, it was an irregularity, and as such no more affected the validity of the judgment, than if it had been an error in law.   In either case, the error whether of law or fact, does not render a judgment void ; but a party may have his remedy in the state where the judgment was rendered either in the same or in an appellate tribunal.   The defence cannot prevail here ; for, until set aside, the judgment would have full force and effect in Ohio, and is entitled to the same here.   The error does not go to the jurisdiction of the court rendering the judgment. *Austin* v. *Charleston Female Seminary,* 8 Met. 196.

This action was commenced on the 9th of March, 1857. On the trial defendant proved by the proper records that in June, 1857, he filed in the Court of Common Pleas of Hamilton county, Ohio, a petition, praying the vacation of said judgment on account of the matters set up in the first clause of his answer, and for an injunction; that a summons issued, which was returned, served; that plaintiff appeared and demurred to the petition; that an order was made in said petition allowing an injunction by the proper judge, when defendant should give a sufficient bond in a sum fixed, and that the bond was executed and approved. This bond was filed and approved September 28th, 1857, and the trial and judgment had in this case in March, 1859.

The court instructed the jury that though they might find that an injunction was ordered to issue, to restrain the collection of the judgment, yet unless they also found that the writ had been duly served, they must render their verdict for the plaintiff. In this instruction we think there was error. The plaintiff in this and the original case was duly served with the filing of the petition for an injunction and appeared to the same. This was a proceeding in court and not before a single judge. The court after overruling the demurrer to the petition, allowed the injunction upon the giving of the bond, which order was complied with. It stands there as an order made by the court, directing the suspension of further proceedings upon a judgment appearing upon its own records, and the service of the writ was in no sense essential to make more effective or binding the order thus made. It will be observed that the order was made in the same court in which the judgment was rendered; that the parties were before the court, and had presented the question of petitioner's right to the injunction in their argument of the demurrer, and after the order thus made the issuing of the writ would be an unmeaning and useless formality.

It has been repeatedly determined that when a party is in court and hears the order pronounced, he is as much bound

as if he had been actually served with the writ. 1 Eden on Inj. 93; *Morrell* v. *Lawrence,* 12 John. 521; *Kempton* v. *Coe,* 2. Ves. & B. 349; *Heame* v. *Tenart,* 14 Ves. 136.

Judgment reversed.