Rogers v. Gwinn.

ROGERS v. GWINN.

1. **Pleadings: EQUITABLE DEFENSE.** The statute (Rev. 1860, §§ 617, 2880) authorizes the pleading of equitable defenses in actions at law; and in an action upon a judgment, the defendant may set up any facts which

would, under the former practice, have constituted sufficient ground for a bill in chancery directly assailing the judgment.

2. Judgment: OF A SISTER STATE: DEFENSE. In an action in this State upon a judgment rendered by a court of a sister State, any state of facts which could be sufficient to avoid the judgment in the State in which it was rendered, may be pleaded as a defense to the action in this State.

—— That the judgment was obtained in another State after the plaintiff had agreed with defendant that he had no sufficient cause of action, and that he would dismiss his suit, and when the defendant, relying upon such agreement, believing that the suit had been dismissed, the record failing to show that the defendant or his attorney was present at the trial, is a sufficient defense to an action on the judgment in this State.

*Appeal from Appanoose District Court.*

MONDAY, JUNE 25.

FOREIGN JUDGMENT: FRAUD AS A DEFENSE. — This action was commenced in the District Court of Appanoose county, Iowa, in 1865, upon a duly authenticated record of a judgment entered in favor of the plaintiff and against the defendant, on the 16th day of March, 1857, by the Circuit Court of Laurel county, Kentucky. The action in which the Kentucky judgment was rendered was slander. In that action the defendant was personally served, and filed an answer pleading "not guilty."

The record entry of the court in Kentucky is as follows: "and afterwards, viz., on the 16th day of March, 1857, came the plaintiff by his attorney, and thereupon came a jury, viz.: [*here naming the jurors*] who being elected, tried and sworn to try the issue, and having heard the evidence, return the following verdict, viz.: 'We of the jury find for the plaintiff, seven hundred dollars in damages.' It is therefore considered by the court that the plaintiff recover of the defendant seven hundred dollars; also his costs herein expended."

To the action upon this judgment, brought in the Appanoose District Court, the defendant pleaded an equitable

defense, viz., that the judgment was procured by fraud; setting forth in substance that defendant was at that time a resident of Iowa; that he had a good defense; that he went to Kentucky to make it; that it was positively agreed between him and plaintiff that the plaintiff had no cause of action, and that the action should be dismissed; that defendant should return home; that defendant relied upon this agreement and returned home, first settling with, paying and dismissing his attorneys, as he did not further need their services; that afterwards the plaintiff, in defendant's absence, and without his knowledge, instead of dismissing his action, prosecuted it *ex parte* and obtained the judgment in suit.

Upon this defense the parties tried the cause to the court waiving a jury.

After hearing the evidence, the court made the following findings of fact.

I find that on the 16th day of March, 1857, a judgment was rendered in the Circuit Court of Laurel county, Kentucky, in favor of plaintiffs and against defendant for the sum of seven hundred dollars, in words following, to wit: "It is, therefore, considered by the court that the plaintiff recover of the defendant seven hundred dollars, the amount by the jury in their verdict assessed, also his costs herein expended."

That prior thereto, proceedings, in due form, by notice and petition, had been commenced against Gwinn, said defendant, in favor of Rogers, plaintiff, as shown by the said notice and petition, copies of which are attached to the transcript and evidence; that in the spring of 1855, and at the spring term of said court, defendant Gwinn filed his answer in said cause.

I find that he had employed Sparks & Sawyers, attorneys-at-law, to manage his defense for him, but afterwards, in the summer of 1855, he discharged them and

employed Moore & Newcomb, attorneys-at-law, to conduct said defense; that he then removed to Iowa, and has since that time resided in Iowa; that at the spring term of said court, for the year 1856, he was present at court to defend, but said cause was passed; that afterwards, in March, 1856, he saw plaintiff Rogers, and that said plaintiff then assured him (Gwinn) he would not prosecute said cause any further, but would dismiss it, and he, defendant, need not come back from Iowa to defend the case any further, as he, plaintiff, would dismiss said cause, and would not prosecute it further; and that defendant, relying on said assurance and representations, left for his home in Iowa; that said plaintiff permitted said cause to pass over the next term (fall term) of said court without presenting or trying it: that in the spring of 1857, at the spring term for that year of said court, plaintiff, in the absence of defendant and without any notice to defendant of his intention to do so, called up said cause, tried the same, and obtained judgment as shown herein.

I therefore find that said judgment was obtained by fraud and misrepresentation on the part of plaintiff, and therefore find for the defendant.

It is therefore considered by the court that defendant do have and recover of and from said plaintiff, Enoch Rogers, principal, and William Edwards, his surety, his costs in this behalf expended, taxed at $25.45, and that execution issue therefor.

To these findings and the judgment, plaintiff duly excepted and appeals.

*Thos. F. Withrow* (with whom *H. Tannehill*) for the appellant.

*Perry & Townsend* (with whom *Harris & Galbraith*) for the appellee.

DILLON, J. — Our statute allows equitable defenses to be pleaded to actions at law. Rev., §§ 2617, 2880. Under the answer filed in this case the defendant is entitled to the same relief which the same facts would, under the former practice, have authorized if he had made them the ground of a bill in chancery directly assailing the judgment.

*1. PLEAD-INGS: equitable defense.*

The circuitous practice of a bill in chancery to enjoin the law action and for relief is, under the Revision, no longer necessary, if indeed, it be any longer, strictly speaking, proper. *Dobson* v. *Pearce*, 12 N. Y., 165; Van Santv. on Code Pl., 2d ed. p. 507; 8 How. Pr., 416.

If, therefore, the facts pleaded and found in the present case constitute a defense, either *at law or in equity*, to the action on the judgment, the plaintiff must fail to recover.

The evidence warrants the finding of the District Court, and its judgment against the plaintiff must be affirmed unless the Kentucky judgment is conclusive and the defense, though proved, is insufficient either at law or in equity.

*2. JUDG-MENT: of a sister state; defense.*

We note in passing that the facts pleaded do not contradict any recital in the record of the recovery in Kentucky. That record does not state that the defendant or his attorneys were present at the trial, and its silence in this respect strongly favors the defense made in the present action. As to recitals in records see *Starbuck* v. *Murray*, 5 Wend., 148; *Dozer* v. *Richardson*, 25 Geo., 90; *Kimball* v. *Merrick*, 20 Ark., 12; *Hess* v. *Cole*, 3 Zabr., 116; *Watson* v. *The New England Bank*, 4 Metc., 343; *Gleason* v. *Dodd*, Id., 333; *Harshey* v. *Blackmarr*, 20 Iowa, 161; 5 Am. Law Reg. (N. S.), 385, 395, *n*; *Pearce* v. *Olney*, 20 Conn., 557.

We need not stop to determine how far a recital in the record that the defendant or his attorney was present at the trial would be conclusive or binding.

The point made and relied upon by the appellant's counsel is, that inasmuch as the Kentucky court had jurisdiction of the parties and the subject matter, its judgment is conclusive in the courts of a sister State; that such judgment is, under the Constitution of the United States (art. 4, § 1), and the act of congress (May 26, 1790), entitled to the same effect in Iowa that it would have by law or usage in the State of Kentucky.

It is true that for many purposes the judgment of the court of another State is conclusive, but not for all. Thus, in a suit on a foreign judgment, it is settled, both in the federal and State courts, that the judgment debtor may successfully defend by showing that the attorney who entered an appearance for him had no authority to do so. *Harshey* v. *Blackmarr, ante,* and authorities there collected.

And courts are in the constant habit of relieving parties upon equitable terms from judgment rendered against them in consequence of the fraudulent acts of the successful party or his attorney. Id., and cases cited; 5 Am L. Reg. (N. S.), 389, and cases cited; 2 Story Eq., §§ 194, 195; *Pearce* v. *Olney,* 20 Conn., 544; approved 12 N. Y., 156; *Milne* v. *Van Buskirk,* 9 Iowa, 558.

If the judgment sued on had been rendered by a court in Iowa, the facts found by the court below, would be a good defense, at least in equity, to an action upon it, or sufficient to require a court of equity, upon petition filed for that purpose, to cancel it.

And we cannot doubt that they would be so regarded by the courts of Kentucky, if this action had been brought in that State, or if the defendant, in that State, had sought relief against the judgment. So that if we should hold, as the appellant insists we should, we would be giving to the judgment of the court of one sister State, a *greater* force and effect than it would have there, and a greater force and effect than we would give to a like judgment rendered

by our own courts. This the Constitution of the United States and the act of congress do not require. We are only required to give to it the same effect here that it would have in the State of Kentucky.

Without enlarging, we are of opinion, upon principle, that the defense was available to the defendant. And this holding is abundantly sustained by the authorities. *Pearce* v. *Olney*, 2 Conn., 544; *Dobson* v. *Pearce*, 1 Duer, 144; *S. C.* affirmed in the Court of Appeals, 12 N. Y., 165.

The three cases last cited (all arising out of one transaction), are direct and pointed authorities for, as well as a most interesting illustration of, the correctness of the conclusion we have reached. They cover every point made in this case.

*Pearce* v. *Olney* was to restrain an action in Connecticut, on a New York judgment, in which there had been personal service on the defendant therein; he had a defense, and was assured by the plaintiff's attorney that nothing further would be done without notice; but the attorney, disregarding his promise, took judgment against him without notifying him of an intention to do so. In this respect the case is very similar to the one at bar. The judgment was sent to Connecticut and an action of debt brought upon it there.

The Court of Chancery in Connecticut, upon proof of the above facts, enjoined the collection of this judgment, because it was obtained by a surprise, which was tantamount to fraud; this was *Pearce* v. *Olney, supra*. After this decree in Connecticut, a new action of debt was brought on the original New York judgment in the Superior Court of New York city, in which it was rendered, and it was held: 1st, That the fraud in procuring it was a good defense; 2d, That the decree in Connecticut was conclusive evidence of fraud.

This case is reported in 1 Duer, 144, and was affirmed by the Court of Appeals, in 12 N. Y., 165, the latter court distinctly holding that under the Code of that State (the same as our Revision in this respect), a defendant in an action on a judgment may allege and prove as a defense that it was obtained by fraud.

Affirmed.