HAMILTON v. SCHOENBERGER ET AL.

47   385
106   457

47   385
129   460

1. **Judgment**: CONFESSION OF: CANNOT BE MADE BY ATTORNEY.   A con-
fession of judgment pertains to the remedy, and is therefore governed
by the law of this State.   A contract made in another State authorizing
a confession to be made by an attorney will not be enforced here.

*Appeal from Benton District Court.*

TUESDAY, DECEMBER 11.

THE petition alleges that on the 29th day of January, 1876, the plaintiff, residing in the State of Pennsylvania, executed to the defendants a promissory note as follows:

"JANUARY 29, 1876.

Two years after date I promise to pay to the order of G. and J. H. Shoenberger five thousand dollars, without defalcation,

value received, with interest from date, payable semi-annually. And I do hereby empower any attorney of any court of record, within the United States or elsewhere, to appear for me and confess judgment against me as of any term for above sum, with costs of suit, and five per cent, attorney's commission, and release of all errors, hereby waiving inquisition, and agreeing to the condemnation of any property that may be levied upon by any execution which may issue forthwith, on failure to comply with conditions hereof; also hereby waiving the benefit of the exemption laws, or any act of assembly relative to executions, now in force or hereafter to be passed."

That on the 6th day of March, 1876, Gilchrist & Haines filed in the Benton District Court a petition on behalf of G. and J. H. Shoenberger, claiming of plaintiff judgment on said note, with stay of execution until January 29, 1878; that thereupon one G. W. Burnham, an attorney of said district court, appeared and filed an answer as follows:

" Comes now the defendant by his attorney, G. W. Burnham, duly authorized and empowered under and by virtue of a warrant of attorney, a copy of which warrant is set out in plaintiff's petition, and to which reference is hereby made, and for answer to plaintiff's petition says: That he admits the execution and delivery of the note set out in plaintiff's petition according to the effect and tenor thereof as therein alleged, and that he consents that judgment be rendered against him in said District Court for the sum of five thousand dollars, to draw interest at 6 per cent from January 29, 1876, payable semi-annually, and for $250 attorney's commission and costs, and that execution may issue on said judgment according to the terms of said note;" that on the 10th day of March, 1876, judgment was entered against plaintiff for the sum of five thousand dollars, and two hundred and fifty dollars attorney's fees, with stay of execution until January 29, 1878, unless default be made in the payment of the semi-annual interest, at maturity, in which case execution may issue immediately; that at the time of filing said petition and answer plaintiff was a resident of the State of Pensylvania, and has in no manner

authorized G. W. Burnham to appear for him except by the power contained in said note.

Plaintiff asks that the judgment be declared void and canceled. The defendants demurred to this petition. The demurrer was overruled, and judgment was rendered canceling the judgment in favor of defendants against plaintiff. The defendants appeal.

*Gilchrist & Haines*, for appellants.

*Cooper & Tewksbury*, for appellee.

DAY, CH. J.—It is claimed by appellant that the principles of the common law, authorizing a warrant of attorney to con-

1. JUDGMENT: confession of: cannot be made by attorney.

fess judgment, are in force in this State, and that the provisions of our Code respecting the recovery of judgment by action and confession of judgment are merely cumulative. We do not think this position is correct. The whole subject of the recovery and rendition of judgment is fully reviewed in the Code, and the course to be pursued in obtaining a judgment is specifically pointed out. Chapter 9, title 17, designates the mode to be pursued in the recovery of a judgment by action. Chapter 10, of the same title, provides for judgment by confession. When the legislature has undertaken to legislate upon a subject, by legal enactment, the common law is abrogated, as far as applicable to such cases. *State v. McGrew*, 11 Iowa, 112. So far as we are advised it has never been the understanding of the profession nor of the business community in this State that warrants of attorney to confess judgment had any place in our law. A confession of judgment pertains to the remedy. A party seeking to enforce here a contract made in another State must do so in accordance with the laws of this State. Parties cannot by contract made in another State engraft upon our procedure here remedies which our laws do not contemplate nor authorize.

We are fully satisfied that the demurrer to the petition was properly overruled.

AFFIRMED.