BERTEEN D. WELCH, APPELLANT, V. JOHN W. TIPPERY ET
AL., APPELLEES.

FILED DECEMBER 3, 1903. No. 12,349.

Commissioner's opinion, Department No. 2.

1. **Equity Cause:** JURY. In equity cases the district court may, in
its discretion, submit to a jury any question of fact involved.

2. ————: ————: FINDINGS ADVISORY: ERROR WITHOUT PREJUDICE.
As the findings of the jury in such case are advisory only, if
the court, having heard the testimony, afterwards adopts them
as its findings, and there ,is sufficient competent evidence to
sustain them, errors in the admission of evidence are without
prejudice.

3. **County Road:** DAMAGES FOR CONDEMNATION: AGREEMENT: IM-
PROVING ROAD: STIPULATED SUM: COMPENSATION. An agree-
ment duly carried out, that the county shall expend a stipulated
sum in improving a road, at the claimant's request and for his
benefit, in lieu of damages, constitutes due compensation for
land taken in laying out the road.

4. ————: ————: ————: ————: ————: ————: PAROL EVIDENCE.
Where the record shows that the claim for damages was re-
jected and at the same time the sum claimed as damages was
appropriated to improving the road, parol evidence is admissible
to prove an agreement to release the claim in consideration of
the appropriation and improvements.

APPEAL from the district court for Burt county. Bill
for injunction to prevent opening highway. Heard below
before DICKINSON, J. Decree for defendants. Plaintiff
appeals. *Affirmed.*

*Harrison H. Bowes,* for appellant.

*Willis G. Sears, contra.*

POUND, C.

Suit was brought to enjoin the opening or maintaining
of a public road across the plaintiff's premises until pay-
ment of his damages for the land taken. The defendants
pleaded a dedication, and also that the county commis-
sioners and the plaintiff had entered into an agreement

whereby he was to release his claim for damages in consideration that the commissioners would appropriate the amount thereof for work on the road. The trial court called a jury and submitted two questions,—whether such an agreement had been made, and whether it had been carried out by the county. Each question was answered in the affirmative. Thereupon the court found generally for the defendants and rendered a decree accordingly, which is now appealed from.

The power of the court to submit these questions to a jury can not be disputed. *Alter v. Bank of Stockham,* 53 Nebr., 223; *Omaha Fire Ins. Co. v. Thompson,* 50 Nebr., 580; *Harral v. Gray,* 10 Nebr., 186. It rested entirely in the discretion of the trial judge what questions should be submitted to the jury for their assistance in arriving at a just solution, and what not. Nor is the appellant entitled to complain of rulings on evidence at the trial. For one thing, those rulings, as such, would be reviewable only upon error. Moreover, the findings of the jury in an equity case are advisory only. Hence, where the court, having heard the testimony, adopts those findings as its own, it is as if there had been a trial to the court without a jury; and so long as there is competent evidence to sustain the findings, the admission of improper evidence is without prejudice.

The agreement pleaded was a good defense. Plaintiff was entitled to due compensation for the land taken. But there was no necessity that such compensation be in money. Anything else of value that he chose to accept would fulfill the requirement. If at his request and for his benefit the county expended the sum claimed in improving the road,—something it was not bound to do, and doubtless would not have done in the ordinary course,—his agreement to release his claim for damages was upon sufficient consideration, and he was fully compensated. It is in evidence that the improvements were for plaintiff's convenience and benefit, and it appears, also, that nearly all of the money appropriated was paid to him for

labor upon the road. We think the findings are entirely supported.

But it is said that the agreement is not set out on the records of the county board, and that parol evidence was inadmissible. The records show that the claim for damages was rejected, and that at the same time the sum claimed as damages was appropriated to improving the road. These were proceedings of the board which were to be recorded, and the record would be the best evidence of them. But a record of the agreement with plaintiff by reason of which the board took these steps would not bind him. *Graham v. Hartnett,* 10 Nebr., 517. It would still be necessary to show the agreement by extrinsic evidence. Hence we see no reason to doubt that such evidence is admissible without a record of the agreement. The agreement of plaintiff to release his claim for damages was his own act. It was not in any sense an act or proceeding of the board.

We recommend that the decree be affirmed.

BARNES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.