(Nos. 12112-12113.—Judgments affirmed.)

THOMAS P. KENNEY, Admr., Appellant, *vs.* THE SUPREME LODGE OF THE WORLD, LOYAL ORDER OF MOOSE, Appellee.—JOHN C. GUSTIN, Admr., Appellant, *vs.* Same Appellee.

*Opinion filed October 21, 1918.*

1. INJURIES—*suit cannot be brought in Illinois for damages for death occurring elsewhere.* Under section 2 of the Injuries act no action can be brought or prosecuted in Illinois to recover damages for a death occurring outside of the State, and such provision is not a violation of the Federal constitution.

2. CONSTITUTIONAL LAW—*State not compelled to give its courts jurisdiction.* The full faith and credit clause of the Federal constitution does not compel a State to give its courts jurisdiction of certain causes of action against its will.

3. SAME—*right of the State to limit jurisdiction of its courts in actions on judgments.* So long as a State does not discriminate between its own citizens and citizens of other States it may limit

the jurisdiction of its courts in actions on judgments without violating the full faith and credit clause of the Federal constitution.

4. JURISDICTION—*when State court has no jurisdiction of action on a judgment.* In an action on a judgment rendered in a foreign State the court may examine into the nature of the cause of action on which the judgment is based, and if it finds that it would have had no jurisdiction of the subject matter of the original action it has no jurisdiction of the action on the judgment.

APPEAL from the Circuit Court of Kane county; the Hon. MAZZINI SLUSSER, Judge, presiding.

BLUM, WOLFSOHN & BLUM, and RAYMOND & NEWHALL, for appellants.

E. J. HENNING, and ALSCHULER, PUTNAM & FLANNIGEN, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

Thomas P. Kenney, administrator of the estate of Donald A. Kenney, brought his action of debt in the circuit court of Kane county on a judgment obtained in the State of Alabama against the Supreme Lodge of the World, Loyal Order of Moose. At the same time John C. Gustin, administrator of the estate of Christopher Gustin, brought a like suit in the same court against the same defendant. From the declarations it appears that suits were commenced in the city court of Birmingham, Alabama, a court of general jurisdiction, and judgments were recovered, respectively, in the sum of $18,000 in the Kenney case and $15,000 in the Gustin case. A plea was filed in each case to the jurisdiction of the court, alleging the deceased came to his death by injuries inflicted upon his person in the State of Alabama and that the death occurred within the State of Alabama, and that the judgment upon which suit was brought herein was for damages assessed for the negligent causing of the death. To this plea plaintiff demurred, and the demurrer being overruled, plaintiff in each instance elected to

stand by his demurrer, and judgment was rendered by the court. From this judgment plaintiff in each case appealed. The questions involved in both appeals are the same, and the causes have been consolidated.

Section 2 of our Injuries act provides that no action shall be brought or prosecuted in this State to recover damages for a death occurring outside of this State. In *Walton* v. *Pryor,* 276 Ill. 563, we held that the courts of this State had no jurisdiction of an action for damages occasioned by death occurring in another State in consequence of wrongful act, neglect or default. In *Dougherty* v. *American McKenna Process Co.* 255 Ill. 369, we also held that the courts of this State were without jurisdiction to entertain such a cause of action, and that the jurisdictional provisions contained in the statute did not contravene the full faith and credit clause of the Federal constitution or the provision of the Federal constitution entitling the citizens of each State to all the privileges and immunities of citizens of the several States.

The original action on which the judgments were obtained not being maintainable in Illinois, the question arises whether under the full faith and credit clause of the Federal constitution the circuit court was concluded by the judgments of the Alabama court, or whether it could look behind the judgments to determine the nature of the causes of action upon which the judgments were based.

The full faith and credit clause of the Federal constitution does not compel a State to give its courts jurisdiction against its will. (*Anglo-American Provision Co.* v. *Davis Provision Co.* 191 U. S. 373.) In that case one Illinois corporation sued another Illinois corporation in the New York Supreme Court upon an Illinois judgment. The New York code provided that "an action against a foreign corporation may be maintained by another foreign corporation or by a non-resident in one of the following cases only: * * * (3) Where the cause of action arose within the

State." It was argued there that the State could not exclude a foreign corporation from suing upon judgments obtained in another State, because to do so was to deny full faith and credit to those judgments. In passing upon the question the court said: "The constitution does not require the State of New York to give jurisdiction to the Supreme Court against it will. If the plaintiff can find a court into which it has a right to come, then the effect of the judgment is fixed by the constitution and the act in pursuance of it which Congress has passed. (Rev. Stat. sec. 905, U. S. Comp. Stat. 1901, p. 677.) But the constitution does not require the State to provide such a court. (See *Missouri* v. *Lewis,* 101 U. S. 22, 30.) If the State does provide a court to which its own citizens may resort in a certain class of cases, it may be that citizens of other States of the Union also would have a right to resort to it in cases of the same class." It follows from this holding that so long as a State does not discriminate between its own citizens and the citizens of other States it may limit the jurisdiction of its courts upon actions on judgments, the same as it may do with relation to any other kind of action.

It now remains to be seen how far a court may go in determining whether or not it has jurisdiction in an action brought on a judgment. Where an action is brought upon a judgment rendered in another State the court may examine into the nature of the cause of action upon which the judgment is founded for the purpose of determining whether it would have had jurisdiction of the subject matter of the action, and if it appears that the court would not have had jurisdiction of the original action it will not have jurisdiction of the action on the judgment. (*State of Wisconsin* v. *Pelican Ins. Co. of New Orleans,* 127 U. S. 265.) In that case, which is the leading case in the United States on this question, an action was commenced in the United States Supreme Court upon a judgment obtained by the State of Wisconsin in a court of that State for a penalty for viola-

tion of the statutes of that State. The ground upon which
the jurisdiction of the Supreme Court of the United States
was invoked was that the plaintiff was one of the States of
the Union and the defendant a corporation of another State.
In determining that it was without jurisdiction the Supreme
Court held that the provision of the constitution and the
act of Congress by which the judgments of the courts of
any State are to have such faith and credit given to them
in every court within the United States as they have by law
or usage in the State in which they were rendered estab-
lishes a rule of evidence rather than of jurisdiction, and
said: "While they make the record of a judgment ren-
dered, after due notice, in one State conclusive evidence in
the courts of another State or of the United States of the
matter adjudged, they do not affect the jurisdiction either
of the court in which the judgment is rendered or of the
court in which it is offered in evidence. Judgments recov-
ered in one State of the Union when proved in the courts
of another government, whether State or national, within
the United States, differ from judgments recovered in a
foreign country in no other respect than in not being re-
examinable on their merits nor impeachable for fraud in
obtaining them if rendered by a court having jurisdiction
of the cause and of the parties. (*Hanley* v. *Donoghue,* 116
U. S. 1.) * * * The essential nature and real foun-
dation of a cause of action are not changed by recovering
judgment upon it, and the technical rules which regard the
original claim as merged in the judgment and the judgment
as implying a promise by the defendant to pay it do not
preclude a court to which a judgment is presented for af-
firmative action (while it cannot go behind the judgment
for the purpose of examining into the validity of the
claim) from ascertaining whether the claim is really one of
such a nature that the court is authorized to enforce it."
The holding in that case was followed and approved in
*Anglo-American Provision Co.* v. *Davis Provision Co. su-*

*pra; Fauntleroy* v. *Lum,* 210 U. S. 230; *Oklahoma* v. *Gulf, Colorado and Santa Fe Railway Co.* 220 id. 290; *Carpen-- ter* v. *Beal-McDonnell Co.* 222 Fed. Rep. 453; *Beal* v. *Carpenter,* 235 id. 273.) These cases clearly distinguish between a defense which is directed to the jurisdiction of the court in which suit is brought on a judgment and a defense which goes to the merits of the original action. While it could not be questioned that in a suit on a judgment a defense which is directed to the merits of the original action would be in violation of the full faith and credit clause of the constitution, it is equally clear that an inquiry for the purpose of merely determining the jurisdiction of the court in an action on the judgment makes no attack upon the judgment itself and does not question its binding force. Such an inquiry does not constitute a collateral attack upon the judgment.

Plaintiffs rely upon *Fauntleroy* v. *Lum, supra,* and *Beal* v. *Carpenter, supra,* in support of their contention that a judgment recovered in a court of another State is enforceable even though the cause of action upon which it is based would have been unenforceable in a court of this State. A careful analysis of those cases discloses that they have followed the holding in *State of Wisconsin* v. *Pelican Ins. Co. of New Orleans, supra,* and that they do not support the contention of plaintiffs.

The legislature has seen fit to forbid recovery in this State for a death by wrongful act occurring without the State and has deprived our courts of jurisdiction to entertain such a cause of action. Under the holdings in the cases cited the circuit court properly held that it was without jurisdiction, and its judgment in each case is therefore affirmed.                    *Judgments affirmed.*