COHN, BAER & BERMAN, Appellees, v. DAVID BROMBERG, Appellant.

**JUDGMENT:** Foreign Judgment—Defense. A judgment defendant, sued in this state, on a judgment rendered against him by a court of competent jurisdiction in another state, by confession upon warrant of attorney, may show that, prior to the rendition of such judgment, he and the plaintiff in said judgment *cancelled said warrant of attorney* by mutually adjusting and settling all existing claims between them.

**PRINCIPAL AND SURETY:** Pleading Counterclaim. A surety may, with the consent of the principal, interpose any counterclaim which would be available in favor of the principal as against such indebtedness.

**SET-OFF AND COUNTERCLAIM:** Right of Surety. A surety may not, in an action on the contract of suretyship, plead, as a counterclaim, claims assigned to him by the principal *after* the commencement of the action. (Sec. 3570, Code, 1897.)

**DAMAGES:** Speculative Damages—Evidence. Evidence reviewed, in an action wherein recovery was sought for commissions lost by reason of the wrongful discharge of an agent, and held to be fatally lacking in certainty.

*Appeal from Appanoose District Court.*—D. M. ANDERSON, Judge.

JANUARY 23, 1919.

ACTION upon a judgment by confession upon warrant of attorney of record in Cook County, Illinois.—*Reversed*.

*Howell, Elgin & Howell*, for appellant.

*H. E. Valentine*, for appellees.

STEVENS, J.—I. One Jacobi, son-in-law of defendant, was employed by a contract in writing, as salesman for plaintiff for one year from August 1, 1913, to August 1, 1914.

1. JUDGMENT: foreign judgment: defense.

The compensation to be paid was 7½ per cent of the total sales made by him and consummated by the delivery of the goods.

The contract also provided for advance payments to him as follows: $25 per week, and, when on the road, an additional sum of $50 per week. All sums advanced were to be charged to Jacobi, and repaid out of the commissions earned; and if the total earnings at the close of the contract were less than the amount advanced to him, he agreed to pay the difference to plaintiff in cash. For the purpose of securing the payment of the latter sum, the defendant executed an instrument in writing, by the terms of which he bound himself to pay plaintiff whatever amount, if any, was due it from Jacobi, when the services were concluded, and further authorized any attorney of record in Cook County, in term time or vacation, to appear for him and confess judgment therefor, together with costs and a reasonable sum for attorney fees. After working about six months, Jacobi was discharged by plaintiff. At the time of his discharge, he was, as shown by plaintiff's books, indebted to it in the sum of $376.40. On September 12, 1914, one Ward B. Sawyer, an attorney of record in Cook County, appeared in the circuit court thereof in term time, and confessed judgment against the defendant for the above amount and costs.

On December 12, 1914, plaintiff commenced suit in the district court of Appanoose County, Iowa, upon the judgment so entered. Numerous defenses to plaintiff's cause of action were pleaded, among which were (a) that the alleged warrant of attorney was void under the laws of Illinois, and did not confer authority upon Sawyer to confess judgment against him, and (b) that same was cancelled, re-

scinded, and revoked by mutual agreement of the parties, before judgment was entered. At the close of all the evidence, the court, upon motion of counsel for plaintiff, directed the jury to return a verdict in its favor.

While numerous alleged errors of the court are complained of by counsel for appellant, most of them, in view of a verdict for plaintiff by direction of the court, have no conceivable merit upon this appeal, and will not be discussed. The principal questions involved are whether certain defenses pleaded by defendant were available to him against the judgment rendered by an Illinois court of competent jurisdiction, and whether the issues tendered thereby, together with a counterclaim for a considerable sum, should have been submitted to the jury.

Section 88, Hurd's Revised Statutes, 1913, page 1873, is as follows:

"Any person, for a debt, *bona fide* due, may confess judgment by himself or attorney duly authorized either in term time or vacation without process."

The ground upon which the validity of the warrant of attorney is assailed by defendant is that it was obtained by fraud, and does not fix the amount for which judgment may be confessed, or contain provisions for determining same. Instruments of the character in question are universally strictly construed. *Hamilton v. Schoenberger,* 47 Iowa 385; *Cuykendall v. Doe,* 129 Iowa 453; *Gardner v. Bunn,* 132 Ill. 403 (23 N. E. 1072) ; *Weber v. Powers,* 213 Ill. 370 (72 N. E. 1070) ; *First Nat. Bank v. White,* 220 Mo. 717 (120 S. W. 36) ; *National Exch. Bank v. Wiley,* (Neb.) 92 N. W. 582.

Article 4, Section 1, of the Constitution of the United States provides that:

"Full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state. And the Congress may, by general laws, pre-

scribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof."

But judgments of a sister state are entitled to no greater credit in the courts of this state than will be given thereto by the courts of the state where rendered, and may, in an action thereon, be impeached for want of jurisdiction or fraud in their procurement. *Rogers v. Gwinn,* 21 Iowa 58; *Chaloupka v. Martin,* 179 Iowa 1173; *Cuykendall v. Doe,* supra; *Mahoney v. State Ins. Co.,* 133 Iowa 570; *Longueville v. May,* 115 Iowa 709; *Teel v. Yost,* 128 N. Y. 387 (28 N. E. 353) ; *Forrest v. Fey,* 218 Ill. 165 (75 N. E. 789) ; *Mottu v. Davis,* 151 N. C. 237 (65 S. E. 969) ; *Gray v. Richmond Bicycle Co.,* 167 N. Y. 348 (60 N. E. 663) ; *Kenney v. Supreme Lodge,* (Ill.) 120 N. E. 631.

"What the Constitution and the congressional enactment require is that a judgment of a court of one state, if founded upon adequate jurisdiction of the parties and subject-matter, shall be given the same faith and credit in a court of another state that it has by law or usage in the courts of the state of its rendition. This presupposes that the law or usage in the latter state will be brought to the attention of the court in the other state by appropriate allegation and proof, or in some other recognized mode; for the courts of one state are not presumed to know, and therefore not bound to take judicial notice of, the laws or usage of another state. *Hanley v. Donoghue,* 116 U. S. 1; *Chicago & A. R. Co. v. Wiggins Ferry Co.,* 119 U. S. 615; *Lloyd v. Matthews,* 155 U. S. 222; *Western Life Ind. Co. v. Rupp,* 235 U. S. 261. Here, the law or usage in Tennessee, where the judgment was rendered, was not in any way brought to the attention of the Louisiana court, and therefore an essential step in invoking the full faith and credit clause was omitted." *Gasquet v. Lapeyre,* 242 U. S. 367 (61 L. Ed. 367).

Mr. Justice Dillon, speaking for the court in *Rogers v.*

*Gwinn,* 21 Iowa 58, referring to an equitable defense set up
in an answer to a cause of action based upon a judgment of
a Kentucky court, said:

"It is true that, for many purposes, the judgment of
the court of another state is conclusive, but not for all.
Thus, in a suit on a foreign judgment, it is settled, both in
the Federal and state courts, that the judgment debtor may
successfully defend, by showing that the attorney who en-
tered an appearance for him had no authority to do so.
*Harshey v. Blackmarr,* 20 Iowa 161, and authorities there
collected. And courts are in the constant habit of reliev-
ing parties upon equitable terms from judgment rendered
against them in consequence of the fraudulent acts of the
successful party or his attorney. Id., and cases cited; 5
Am. L. Reg. (N. S.) 389, and cases cited; 2 Story, Eq., Sec-
tions 194, 195; *Pearce v. Olney,* 20 Conn. 544, approved
12 N. Y. 156; *Milne v. Van Buskirk,* 9 Iowa 558. If the
judgment sued on had been rendered by a court in Iowa, the
facts found by the court below would be a good defense, at
least in equity, to an action upon it, or sufficient to require
a court of equity, upon petition filed for that purpose, to
cancel it. And we cannot doubt that they would be so re-
garded by the courts of Kentucky, if this action had been
brought in that state, or if the defendant in that state had
sought relief against the judgment. So that, if we should
hold as the appellant insists we should, we would be giving
to the judgment of the court of one sister state a *greater* force
and effect than it would have there, and a greater force
and effect than we would give to a like judgment rendered
by our own courts. This, the Constitution of the United
States and the act of Congress do not require. We are only
required to give to it the *same* effect here that it would have
in the state of Kentucky."

Judgment by confession upon warrant of attorney is
not authorized in this state. *Hamilton v. Schoenberger,*

supra; *Cuykendall v. Doe,* supra.  But where valid by the law of the state where entered, it will be given the same force and effect by the courts of this state as is accorded thereto in the state where rendered.  *Cuykendall v. Doe,* supra.

No notice was served upon the defendant, and he appears not to have known of the proceedings in the Illinois court until this action was commenced.  The only jurisdiction obtained by the circuit court of Cook County over the defendant was such as the instrument in question conferred. If the attorney who signed the confession was not authorized to do so, then the Illinois court was without authority or jurisdiction to enter judgment thereon.  The court was bound to act within the strict authority conferred by the instrument executed by defendant.  If the authority conferred thereby had been previously cancelled, rescinded, or revoked, the judgment was wholly void.  *Green v. Equitable Mut. L. & E. Assn.,* 105 Iowa 628, 633; *Cuykendall v. Doe,* 129 Iowa 453; *Hester v. Frink,* 189 Mo. 40 (176 S. W. 481); *Mottu v. Davis,* 151 N. C. 237 (65 S. E. 969); *Weber v. Powers,* supra; *Jaster v. Currie,* 69 Neb. 4 (94 N. W. 995); *First Nat. Bank v. White,* supra; *Dobbins v. Dupree,* 39 Ga. 394; *Chicago Bldg. Society v. Haas,* 111 Ill. 176; *Davant v. Carlton,* 57 Ga. 489.

The Supreme Court of Nebraska, in *National Exch. Bank v. Wiley,* 92 N. W. 582, held that a judgment by confession upon a warrant of attorney, entered by an Ohio court of competent jurisdiction, was void because the attorney confessing same had no authority to do so.  The judgment of the Nebraska court was, upon error to the Supreme Court of the United States, affirmed.  195 U. S. 257 (49 L. Ed. 184).

The rule was laid down in *Shumway v. Stillman,* 6 Wend. (N. Y.) 448, 453, that:

"The judgment of a court of general jurisdiction, in any

state in the Union, is equally conclusive upon the parties in all the other states as in the state in which it was rendered. This, however, is subject to two qualifications: (1) If it appears by the record that the defendant was not served with process, and did not appear in person or by attorney, such judgment is void; and (2) if it appears by the record that the defendant appeared by attorney, the defendant may disprove the authority of such attorney to appear for him." *Teel v. Yost,* 128 N. Y. 387 (28 N. E. 353). Jacobi testified, upon the trial, that, some time before suit was brought, he and defendant went to Chicago, and talked the matter of his indebtedness over with plaintiff; that, at the time, plaintiff was indebted to him for commissions earned, in an amount in excess of the sum claimed by plaintiff; and that they mutually agreed to offset one claim against the other, and each acknowledged full settlement thereof; that plaintiff agreed to return to Jacobi the instrument signed by defendant. This testimony was corroborated by that of defendant. No other evidence was offered, tending to prove a revocation of the authority conferred by the warrant of attorney; but agreement between the parties to offset mutual claims, one against the other, was valid and binding, and had the effect of extinguishing the indebtedness, and, as a necessary incident thereof, revoked the authority conferred by the written instrument upon Sawyer to confess judgment against the defendant. A settlement by offsetting mutual accounts was as effectual to deprive Sawyer of authority to act under the warrant of attorney as actual payment of the debt, or a specific revocation. The evidence offered on behalf of defendant to sustain his claim of settlement was at least sufficient to entitle him to have that issue submitted to the jury. Whether the judgment was void because of some defect in the warrant of attorney, or whether same may be collaterally attacked for fraud practiced upon the defendant at the time the in-

strument was signed, depends upon the laws of the state of Illinois, proof of which as to numerous material matters is wanting.

II. The amount of the Illinois judgment was errone-ous in two or three particulars. Plaintiff failed to give de-fendant credit for a portion of the commissions to which it is conceded he was entitled, and included therein a charge of $12 for an overcoat, together with some other small items. Counsel for appellant quite earnestly argues that the inclusion of these items rendered the judgment wholly void. It would seem, however, that the judgment was erroneous only to the extent that it was unauthorized. *Davenport v. Wright*, 51 Pa. St. 292.

Plaintiff's attorney, at the time of moving for a directed verdict, also requested the court to instruct the jury to de-duct the aggregate of the items erroneously included in the Illinois judgment, and to return a verdict only for the prop-er balance. This request was sustained, and the verdict re-turned was for the difference between the sums advanced un-der the contract, and the commissions allowed. Defendant complains of the court for permitting the deduction to be made by the jury; but this was, of course, without preju-dice to him.

III. Defendant, by way of counterclaim, alleged that Jacobi was damaged in the sum of $1,000 because of his wrongful discharge by plaintiff, and that this claim, to-gether with an item of $435 claimed by Jacobi as a balance due him for commis-sions, was assigned to him in writing, bear-ing date March 29, 1915, which was after this suit was commenced. The $435 item is based upon the aggregate amount of sales made by another salesman in the territory assigned to Jacobi, after the plaintiff discharged the latter. Defendant also set up in his answer that he signed the instrument agreeing to pay whatever indebted-

**2. PRINCIPAL AND SURETY:** pleading coun-terclaim.

ness would be due it from Jacobi, as surety only, and pleaded the above alleged claims for damages and commissions as a counterclaim, under Section 3572 of the Code. This he had a right, with the consent of his principal, to do. *Reeves v. Chambers,* 67 Iowa 81, 83; *Beh v. Ray,* 127 Iowa 246, 248; *Secor v. Siver,* 165 Iowa 673, 676.

Upon objection of counsel for plaintiff, the written assignment was denied admission in evidence; but all of the competent evidence offered by defendant in support of his counterclaim was admitted. Defendant was not prejudiced by the ruling of the court sustaining the objection to the offer of the assignment. Possibly, same might have been admissible for the purpose of showing consent of Jacobi to plead the items as a counterclaim, under Section 3572.

Section 3570 of the Code provides:

"Each counterclaim must be stated in a distinct count or division, and must be:   *   *   *

**3. SET-OFF AND COUNTERCLAIM: right of surety.** "3. Any new matter constituting a cause of action in favor of the defendant, or all of the defendants if more than one, against the plaintiff, or all of the plaintiffs if more than one, and which the defendant or defendants might have brought when suit was commenced, or which was then held, either matured or not, if matured when so plead."

As the assignment of the items constituting the counterclaim was made after suit was commenced, the defendant could not rely thereon or plead same as a counterclaim. *Cawker City St. Bank v. Jennings,* 89 Iowa 230.

The court withdrew the counterclaim from the consideration of the jury, upon the ground that defendant failed to prove the alleged damages. In this, we think the court was right. All of the competent evidence of-

**4. DAMAGES: speculative damages: evidence.** fered by defendant upon this point was admitted by the court. The jury could not have formed an intelligent conclusion as to

the amount of damages, if any, that were sustained by Jacobi. While it is true that plaintiff agreed to pay Jacobi 7½ per cent commission for all goods sold, delivered, and paid for, the latter was to pay the necessary expenses incurred by him in making such sales. He could not, therefore, recover the full amount of commissions due for sales made in the territory assigned to him. His earnings as damages would have to be depreciated by the amount of expense necessarily incurred in selling the goods. *Hichhorn, Mack & Co. v. Bradley*, 117 Iowa 130; *Howard v. Brown*, 168 Iowa 410, 417. No evidence thereof was offered.

Many other alleged errors are discussed by counsel for appellant, most of which were wholly without prejudice in the court below. In view of the conclusion reached herein, we refrain from further consideration thereof. On account of the errors pointed out, the judgment of the court below must be and is—*Reversed.*

LADD, C. J., GAYNOR and PRESTON, JJ., concur.