W. F. ASHBY, Appellee, v. R. J. MANLEY, Appellant.

**JUDGMENT: By Confession—"Full Faith and Credit" Clause.** Judgments rendered in a foreign state under a legally authorized warrant of attorney, which provides that "any attorney of any court of record" may confess judgment against the maker, will be given "full faith and credit" in the courts of this state.

**JUDGMENT: Action on—Nonallowable Counterclaim.** In an action on a judgment, defendant, in the absence of any plea of fraud in the *procurement* of the judgment, may not plead, as a set-off or counterclaim, the invalidity of the original obligation upon which the judgment was rendered.

**JUDGMENT: Action on—Allowable Defense.** An action on a foreign judgment is subject to the defense that the warrant of attorney on which the judgment was rendered was fraudulently obtained.

*Appeal from Polk District Court.*—GEORGE A. WILSON, Judge.

### MARCH 16, 1921.

ACTION on a judgment obtained against defendant in the circuit court of Iroquois County, Illinois. The answer interposed various defenses. Plaintiff demurred to the answer. The demurrer was sustained; and, defendant electing to stand on his answer, judgment was rendered for plaintiff for the amount claimed in the petition. Defendant appeals.—*Reversed.*

*Temple & Temple* and *J. F. Conrad,* for appellant.

*Nesbitt & Johnston,* for appellee.

FAVILLE, J.—On December 22, 1903, the appellant executed and delivered to one William R. White, at Bloomington, Illinois, his certain promissory note in the principal sum of $500, payable 30 days after date. Said note contains the following clause:

"To secure the payment of said amount, I hereby authorize irrevocably any attorney of any court of record to appear for me in such court, in term time or in vacation at any time here-

after, and confess judgment without process, in favor of the holder of this note, to such an amount as may be unpaid thereon, together with the costs and 10 per cent of the principal amount as attorney's fee, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution on such judgment."

On or about March 7, 1905, judgment on said note was entered in the circuit court of Iroquois County, Illinois. No notice of the proceedings was ever served on the appellant, and his appearance was solely by attorney, under the power conferred in the note. At that time, the appellant was a resident of Iowa. The note, however, was executed in the state of Illinois. In March, 1918, the appellee commenced this action in the district court of Polk County, where appellant then resided, seeking to obtain judgment in said court upon the judgment so obtained in said circuit court of Iroquois County, Illinois.

The appellant filed an answer in said cause in five counts. The first was a general denial. The second challenged the jurisdiction of the circuit court of Iroquois County, Illinois, to render the judgment sued upon. The third count pleaded a counter-claim or set-off, based upon the alleged fraud of appellee in connection with the transaction out of which the note in question originated. The fourth and fifth counts pleaded fraud in the inception of the note, and in procuring the warrant of attorney. The appellee interposed a demurrer to all except the first count, which was sustained. The appellant waived the first count of his answer, and elected to stand on the remaining counts, and judgment was entered against him, as prayed in appellee's petition.

I. The appellant concedes in argument that the law of the state of Illinois in regard to the entry of judgment on a so-called judgment note, like the one under consideration herein, was 1. JUDGMENT: by "followed in due form." By Count 2 of confession: "full faith and credit" his answer, appellant pleaded that the judg- clause. ment on the note was obtained without juris- diction, because suit was brought in Iroquois County, Illinois, instead of in McLean County, where the note was made payable. The power of attorney in the note provides that "any attorney of any court of record" may appear for the maker of

said note and confess judgment thereon.    Judgments upon a warrant of attorney in notes of this character are not valid, if rendered in this state.    *Hamilton v. Schoenberger,* 47 Iowa 385; *Cuykendall v. Doe,* 129 Iowa 453.    But where such judgments have been rendered upon such warrant of attorney in states where the practice is permitted and recognized, the validity of such judgments, unless impeached for other reasons, has been recognized by this court.    *Crafts v. Clark,* 38 Iowa 237; *Cuykendall v. Doe,* supra.    The state of Illinois permits a judgment to be obtained in this manner.

The statute of the state of Illinois, Section 88, page 1632, Hurd's Revised Statutes of Illinois for 1908, reads as follows:

"Any person, for a debt *bona fide* due, may confess judgment by himself or attorney duly authorized, either in term time or vacation, without process."

There is no showing by anything pleaded in this count of appellant's answer that the circuit court of Iroquois County, Illinois, did not have full jurisdiction of the action in which the judgment was entered.    Under the warrant of attorney, judgment could be entered in "any court of record" in said state.    Under the Federal Constitution, Article IV, Section 1, "Full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state."

The allegation in the answer that the judgment was entered in Iroquois County, instead of McLean County, Illinois, under the broad provisions of this warrant of attorney, is not sufficient to show a lack of jurisdiction in the court that rendered the judgment.    *Pirie v. Stern,* 97 Wis. 150 (72 N. W. 370).    See, also, *Whittier v. Riley,* (Neb.) 178 N. W. 762.

The demurrer to this count of the answer was properly sustained.

II.    Count 3 of the answer pleaded that the note upon which judgment had been rendered was obtained from defendant by fraud.    It was alleged in said count that one White claimed

2. JUDGMENT: action on: nonallowable counterclaim.

to have a patent on a certain gate, and that the note in suit, with two other notes of like amount, was given by the defendant to the said White as the purchase price of the right to sell the said gate in certain counties in Iowa, Illinois, and other states.    It is alleged that the

appellee herein and the said White and T. D. Ashby conspired together to induce the appellant to purchase said right to sell said gate, and induced the appellant to go to Bloomington, Illinois, where three notes were given of $500 each. It is alleged that the note in suit is one of said notes, and it is alleged that the said conspirators traded off and transferred the other notes, and that the appellant has been put to large expense in defending against said notes, and "has been defrauded to the extent of $500, with interest thereon, from and after December 22, 1913, by the obtaining of this note and the judgment rendered thereon."

This count of the answer is the pleading of a counterclaim for fraud in the inception and procurement of the note sued upon. The demurrer challenges the right to interpose a counterclaim of this character in a suit upon a judgment. If the judgment is valid and binding on the appellant, he cannot now plead, as a set-off or counterclaim to such judgment, the invalidity of the original obligation upon which the judgment was procured. We have held that, in a suit on a judgment, the defendant cannot be allowed to attack the judgment on account of a defense to the cause of action which might be interposed in the action on which the judgment has been recovered, where there is no allegation or proof of fraud in the procurement of the *judgment. Doyle v. Reilly,* 18 Iowa 108; *Hackworth v. Zollars,* 30 Iowa 433; *Lawrence Sav. Bank v. Stevens,* 46 Iowa 429; *Hanson v. Manley,* 72 Iowa 48; *Bedwell v. Gephart,* 67 Iowa 44; *Fulliam v. Drake,* 105 Iowa 615; *Dalter v. Laue,* 13 Iowa 538; *Tredway v. Sioux City & P. R. Co.,* 39 Iowa 663; *Case v. Hicks,* 76 Iowa 36; *Warthen v. Himstreet,* 112 Iowa 605; *Ulber v. Dunn,* 143 Iowa 260.

There was no error in sustaining the demurrer to this count of the answer pleading a defense to the original cause of action upon which judgment was obtained.

III. In Counts 4 and 5 of his answer, the appellant alleges that the note and warrant of attorney, by virtue of which the original judgment was obtained against him in the state of

3. JUDGMENT: action on: allowable defense.

Illinois, were procured from the appellant by false and fraudulent representations, by which the appellant was induced to execute the same.

It is alleged that said representations were made in inducing the appellant to buy the right to sell certain gates, and that appellant was induced by fraud, and because of a fraudulent scheme, to which the appellee was a party, to execute said warrant of attorney. It is alleged that the appellant was a resident of the state of Iowa, and unacquainted with the laws of the state of Illinois, and had never seen or heard of a note containing a warrant of attorney, as contained in the note in question, and that appellant was persuaded and induced to go to the state of Illinois, and there sign the note and warrant of attorney. It is alleged that, at the time of signing said note and warrant of attorney, the attention of the appellant was distracted, and he was hindered from reading the same; that it was placed in front of him, and he was told that it was an ordinary promissory note, and that part of the same was concealed from him, when signed; that he had no knowledge that the note contained the clause giving warrant of attorney to anyone to confess judgment for him; that the same was procured by fraud and concealment and trickery, in the manner alleged. The written instrument upon which the judgment was rendered in the state of Illinois was of twofold character. It was an evidence of indebtedness. It also contained, as a separate and distinct part thereof, a warrant of attorney, authorizing any attorney of record to confess judgment in behalf of the maker of said note. Instruments of this kind are strictly construed. We had occasion recently to pass upon this question and consider the authorities at length, in the case of *Cohn, Baer & Berman v. Bromberg,* 185 Iowa 298, and it is unnecessary for us at this time to review the authorities cited in the opinion in said cause. We there held that judgments of a sister state are entitled to no greater credit in the courts of this state than will be given to said judgments by the courts of the state where rendered, and that they may be impeached for want of jurisdiction or fraud in the procurement thereof. See, also, *Cuykendall v. Doe,* supra; *Mahoney v. State Ins. Co.,* 133 Iowa 570; *Longueville v. May,* 115 Iowa 709. In the *Cohn* case, we said:

"If the attorney who signed the confession was not authorized to do so, then the Illinois court was without authority or jurisdiction to enter judgment thereon. The court was bound

to act within the strict authority conferred by the instrument executed by the defendant. If the authority conferred thereby had been previously canceled, rescinded, or revoked, the judgment was wholly void.''

Authorities sustaining said proposition are cited, and we reaffirm the declaration so made. In that case, we held that, if the warrant of attorney contained in the note had been revoked before the judgment was rendered, then the court of Illinois was without jurisdiction, and the judgment entered thereon was void. In the instant case, if it be true, as alleged, that the warrant of attorney was obtained from the appellant by fraud and false representations, then it must, of necessity, follow that the judgment entered in the state of Illinois solely by virtue of the said warrant of attorney was without jurisdiction and void. Judgment could be entered against the appellant in the state of Illinois under this written instrument by an attorney acting in pursuance thereof, only in the event that the said warrant of attorney was valid and legally authorized and empowered the appearance of an attorney of record in behalf of the appellant and the entry of judgment against him. If said warrant of attorney had been revoked, as in the *Cohn* case, then the court of Illinois had no jurisdiction to enter judgment upon the authority contained in said warrant of attorney. It follows logically and inevitably that, if the warrant of attorney was procured in the first instance by fraud, the court of Illinois could have no jurisdiction to enter judgment against the appellant by virtue of the confession of an attorney of record, acting solely under the alleged authority conferred by a warrant of attorney fraudulently obtained.

The answer tendered a fact question, to wit: whether or not the warrant of attorney was obtained from the appellant by fraud, deceit, concealment, and trickery, as alleged. If it was so obtained, and the appellant could so establish by his proof, then the court of Illinois had no jurisdiction to enter judgment upon the alleged authority contained in such warrant.

In the case of *Harshey v. Blackmarr*, 20 Iowa 161, this court held that it was well settled, both in Federal and state courts, with respect to foreign judgments, that a judgment debtor, in an action against him on the judgment of another

state, may successfully defend by showing that the attorney who entered an appearance for him had no authority to do so. This rule is founded in reason and supported by ample authority, and has long been the recognized law of this state. If the warrant of authority was obtained by fraud, as alleged in the appellant's answer, then it was void, and the attorney acting thereunder in confessing judgment was without any authority so to do, and the judgment predicated thereon was void. See *Harshey v. Blackmarr*, supra; *Cohn, Baer & Berman v. Bromberg*, supra; *Lang v. Dunn*, 145 Iowa 363; *Cooley v. Barker*, 122 Iowa 440; *Iowa Union Tel. Co. v. Boylan*, 86 Iowa 90; *Leonard v. Capital Ins. Co.*, 101 Iowa 482; *Hawkeye Ins. Co. v. Huston*, 115 Iowa 621; *Ulber v. Dunn*, supra.

It follows that the demurrer to Counts 4 and 5 of appellant's answer should have been overruled. Because of the error indicated, the judgment of the lower court is—*Reversed*.

EVANS, C. J., STEVENS and ARTHUR, JJ., concur.